**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────

James E. Zalewski,
      a natural person,

      -and-                  Civil Action No. <u>1:10-CV-0876</u> (GLS/RFT)

Draftics, Ltd.,
      a New York Corporation,

                     *Plaintiffs,*

      *-vs.-*

T.P. Builders, Inc.               **VERIFIED COMPLAINT**
      a New York Corporation,

Thomas Paonessa,            **ACTION FOR COPYRIGHT**
      a natural person,          **INFRINGEMENT UNDER**
                           **17 USC 501 *ET SEQ.***

Mary Paonessa,
      a natural person,

CW Custom Builders, LLC,
      a New York Limited Liability Company,

M. G. Healey Builders, Inc.      **PLAINTIFFS DEMAND**
      a New York Corporation,     **JURY TRIAL**

Michael G. Healey,
      a natural person,

Mikron General Contractors, Inc.,
      a New York Corporation,

C.B. Prime Properties, Inc.,
      d.b.a. Coldwell Banker Prime Properties,
      a New York corporation,

Realty USA – Capital District Agency, Inc.,
      a New York corporation

Cara Carley,
      a natural person,

Thomas Marks,
      a natural person,

Kim Hart,
      a natural person,

Roxanne K. Heller,
      a natural person,

Dalton McAdams,
      a natural person,

DeRaven Design & Drafting,
      a Sole Proprietorship formed,
          on information and belief, in
          Albany County, New York,

Richard H. Green, P.E., P.C.,
      a New York Professional Corporation

Richard H. Green,
      a natural person,

V.S. Sofia Engineering,
      On information and belief,
          a Sole Proprietorship formed,
          on information and belief, in
          Albany County, New York

Sofia Engineering, PLLC,
      a New York Limited Liability Company,

Vincenzo S. Sofia,
      a natural person,

Saratoga Glen Builders, LLC,
      a New York Limited Liability Company

Ingalls & Associates, LLP,
      a New York Limited Liability Partnership

on information and belief, formerly known as Ingalls, Smart Associates

Keller Williams Realty, Inc.,
        a Texas corporation

Keller Williams Realty Capital District,
        a New York unincorporated entity

Danielle Enos,
        a natural person,

Keith Enos,
        a natural person,

Keith Vinehout,
        a natural person,

Cicero Building Dev., Inc.,
        a New York Corporation,

Luigi Cicero,
        a natural person,

Lawrence Warner,
        a natural person,

Michael Martin,
        a natural person,

Joseph R. Severence,
        a natural person,

Creative Drafting Services, Inc.,
        a New York Corporation

David J. Hopper,
        a natural person,

Shelroc Homes, LLC,
        a New York Limited Liability Company,

Capital Framing, Inc.,
        a New York Corporation,

Joseph M. Clark,
     a natural person,

Scott A. Hargraves and Kristen M. Hargraves, Husband and Wife,
     Owners of Record,
     37 JoAnn Court, Colonie, Albany County, New York,
     natural persons,

Qudseya Anwar,
     Owner of Record
     564 Snyders Lake Road, North Richard H. Greenbush, Rensselaer
          County, New York,
     a natural person,

Robert K. Sutherland and Deborah L. Sutherland, Husband and Wife,
     Owners of Record,
     35 JoAnn Court, Colonie, Albany County, New York,
     natural persons,

Lawrence W. Warner and Mary Warner, Husband and Wife,
     Owners of Record,
     10 Peachtree Lane, Colonie, Albany County, New York,
     natural persons,

Joseph Goyette and Jennifer Goyette, Husband and Wife,
     Owners of Record,
     14 Peachtree Lane, Colonie, Albany County, New York,
     natural persons,

John A. Ricci,
     Owner of Record,
     6 Peachtree Lane, Colonie, Albany County, New York,
     a natural person,

Beth F. Birnbaum,
     Owner of Record,
     6 Peachtree Lane, Colonie, Albany County New York,
     a natural person,

Peter S. Nati and Maureen A. Nati, Husband and Wife,
     Owners of Record,
     5 Peachtree Lane, Colonie, Albany County, New York,

natural persons,

Peter A. Lomanto and Roxanne Lomanto, Husband and Wife,
    Owners of Record,
    24 Arch Avenue, Bethlehem, Albany County, New York,
    natural persons,

Robert C. Carl and Brenda H. Carl, Husband and Wife,
    Owners of Record,
    14 Dominico Dr., Bethlehem, Albany County, New York,
    natural persons,

John D. Robinson and Andrea Robinson, Husband and Wife,
    Owners of Record,
    19 Timber Lane, Bethlehem, Albany County, New York,
    natural persons,

Donald A. Dawson Jr. and Joan E. Dawson, Husband and Wife,
    Owners of Record,
    20 Timber Lane, Bethlehem, Albany County, New York,
    natural persons,

John Karamanlis and Michelle Karamanlis, Husband and Wife,
    Owners of Record,
    23 Timber Lane, Bethlehem, Albany County, New York,
    natural persons,

Paul J. Stento and Judith L. Stento, Husband and Wife,
    Owners of Record,
    24 Timber Lane, Bethlehem, Albany County, New York,
    natural persons,

Paul L. Marshall,
    Owner of Record,
    73 Henderson Road, Bethlehem, Albany County, New York,
    a natural person,

Jennifer A. Pulis,
    Owner of Record
    73 Henderson Road, Bethlehem, Albany County, New York,
    a natural person

James F. Laramie Jr. and Harleen M. Laramie, Husband and Wife,

Owners of Record,
30 Timber Lane, Bethlehem, Albany County, New York,
natural persons,

Louis Meo and Patricia A. Meo, Husband and Wife,
Owners of Record,
57 Henderson Road, Bethlehem, Albany County, New York,
natural persons,

Kevin M. Quinn and Meryl P. Quinn, Husband and Wife,
Owners of Record,
71 Patterson Drive, Bethlehem, Albany County, New York,
natural persons,

Joseph M. Pickett Jr.,
Owner of Record
52 Whitney Road South, Saratoga Springs, Saratoga County, New York,
a natural person,

Meghan Smith,
Owner of Record,
52 Whitney Road South, Saratoga Springs, Saratoga County, New York,
a natural person

Charles R. Hayes,
Owner of Record,
1 Peachtree Lane, Colonie, Albany County, New York,
a natural person,

Ashley L. Beadle,
Owner of Record,
1 Peachtree Lane, Colonie, Albany County, New York,
a natural person

Raymond and Amy Folli, Husband and Wife
Owners of Record,
9 Kaleen Drive, Ballston Spa, Saratoga County, New York,
natural persons,

Thomas A. Bult and Randi S. Bult, Husband and Wife,
Owners of Record,
4186 Albany Street, Albany, Albany County, New York,
natural persons,

1 Owner of Record,
   1 Kaleen Drive, Ballston Spa, Saratoga County, New York,
   presumed to be one or more natural persons,

9 Owner of Record,
   9 Kaleen Drive, Ballston Spa, Saratoga County, New York,
   presumed to be one or more natural persons,

11 Owner of Record,
   Owner of Record,
   11 Kaleen Drive, Ballston Spa, Saratoga County, New York
   presumed to be one or more natural persons,

14 Owner of Record,
   Owner of Record,
   14 Thoroughbred Circle, Bethlehem, Albany County, New York,
   presumed to be one or more natural persons,

23 Owner of Record,
   Owner of Record,
   23 Thoroughbred Circle, Bethlehem, Albany County, New York,
   presumed to be one or more natural persons,

24 Owner of Record,
   Owner of Record,
   24 Thoroughbred Circle, Bethlehem, Albany County, New York,
   presumed to be one or more natural persons,

32 Owner of Record,
   Owner of Record,
   32 Thoroughbred Circle, Bethlehem, Albany County, New York,
   presumed to be one or more natural persons,

42 Owners of Record,
   Owners of Record,
   42 Patterson Drive, Bethlehem, Albany County, New York,
   presumed to be one or more natural persons,

45 Owners of Record,
   Owners of Record,
   45 Patterson Drive, Bethlehem, Albany County, New York,
   presumed to be one or more natural persons,

61  Owners of Record,
    Owners of Record,
    61 Patterson Drive, Bethlehem, Albany County, New York
    presumed to be one or more natural persons,

104  Owner of Record,
    Owner of Record,
    104 Stacey Crest Drive, Rotterdam, Schenectady County, New York,
    presumed to be one or more natural persons,

5011  Owner of Record,
    5011 Colonial Drive, Guilderland, Albany County, New York,
    presumed to be one or more natural persons,

                                        *Defendants.*

_____


**NOW COME PLAINTIFFS** James E. Zalewski ("Zalewski") and Draftics, Ltd.

("Draftics"), by and through their attorneys, Delain Law Office, PLLC, Nancy

Baum Delain, Esq. (Bar No. 512253), attorney of record, and allege that

Defendants have infringed their copyrights in certain architectural works by

creating and selling derivative works thereof, in violation of 17 U.S.C. 106A, and

further, that such infringement has been knowing, willful, and intentional.

## PARTIES

### Plaintiffs

1.  Zalewski is a natural person who resides and has a principal place of

    business at 26 Valleyview Avenue, Schenectady, Schenectady County,

    New York 12306.

2. Zalewski is a building designer specializing in the architectural and floor-plan design of residential homes. He is the sole shareholder in Draftics.

3. Plaintiff Draftics is a corporation formed December 5, 1985 under the laws of New York with a principal place of business is 26 Valleyview Avenue, Schenectady, Schenectady County, New York 12306.

4. Zalewski and Draftics are in the business of developing, drafting, and selling home designs for use in the construction of new homes.

**Defendants**

5. T.P. Builders, Inc. is a New York corporation with a principal place of business, on information and belief, at 31 Pine St., Albany, Albany County, New York, 12203.

6. Thomas Paonessa is an individual with a residence, on information and belief, at 31 Pine St., Albany, Albany County, New York, 12203.

7. Mary Paonessa is an individual with a residence, on information and belief, at 31 Pine St., Albany, Albany County, New York, 12203.

8. CW Custom Builders, LLC is a New York Limited Liability Company with a principal place of business, on information and belief, at 3166 North Thompson St., Schenectady, Schenectady County, New York 12306.

9. M. G. Healey Builders, Inc. is a New York Corporation with a principal place of business at 3073 New Williamsburg Drive, Schenectady, Schenectady County, New York 12303.

10. Michael G. Healey is a natural person whose residence is unknown but who has a principal place of business at 3073 New Williamsburg Drive, Schenectady, Schenectady County, New York 12303.

11. Mikron General Contractors, Inc. is a New York Corporation with a principal place of business at 3073 New Williamsburg Drive, Schenectady, Schenectady County, New York 12303, which is currently known as M. G. Healy Builders, Inc.

12. Shelroc Homes, LLC is a New York Limited Liability Company with a principal place of business at 4 Walker Way, Albany, Albany County, New York 12205.

13. C.B. Prime Properties, Inc. is a New York corporation with a principal place of business, on information and belief, at 10 Osgood Av, Green Island, Albany County, New York, 12183 and a branch office at 1760 Union St., Schenectady, Schenectady County, New York 12309.

14. Realty USA – Capital District Agency, Inc. is a New York Corporation with a place of business at 505 Broadway, Saratoga Springs, Saratoga County, New York 12866 and an address for service of process at 910 Maple Road, Williamsville, New York 14221.

15. Cara Carley is a natural person with an unknown residence and a principal place of business at 505 Broadway, Saratoga Springs, Saratoga County, New York 12866.

16. Thomas Marks is a natural person with an unknown residence and a

principal place of business, on information and belief, at 1760 Union St., Schenectady, Schenectady County, New York 12309.

17. Kim Hart is a natural person with an unknown residence and a principal place of business, on information and belief, at 122 Saratoga Rd., Scotia, Schenectady County, New York 12302.

18. Roxanne K. Heller is a natural person with a residence and principal place of business at 83 Oakdale Av., Schenectady, Schenectady County, New York 12306.

19. Dalton McAdams is a natural person with an unknown residence and a principal place of business, on information and belief, at 321 Delaware Av., Delmar, Albany County, New York 12054.

20. DeRaven Design & Drafting is, on information and belief, a sole proprietorship registered in Albany County with a principal place of business, on information and belief, at 321 Delaware Av., Delmar, Albany County, New York 12054.

21. Richard H. Green, P.E., P.C. is, on information and belief, a New York professional corporation with a principal place of business, on information and belief, at 321 Delaware Av., Delmar, Albany County, New York 12054.

22. Richard H. Green is a natural person with a residence, on information and belief, at 5 Camden Circle, Delmar, Albany County, New York 12054.

23. V.S. Sofia Engineering is, on information and belief, a sole proprietorship with a principal place of business, on information and belief, at 7 Lorna

Lane, Loudonville, Albany County, New York 12211.

24. Sofia Engineering, PLLC is, on information and belief, a New York Limited Liability Company with a principal place of business, on information and belief, at 7 Lorna Lane, Loudonville, Albany County, New York 12211.

25. Vincenzo S. Sofia is a natural person whose residence is unknown and who has a principal place of business, on information and belief, at 7 Lorna Lane, Loudonville, Albany County, New York 12211.

26. Saratoga Glen Builders, LLC is, on information and belief, a New York Limited Liability Company with a principal place of business at 500 Duanesburg Road, Rotterdam, Schenectady County, New York 12306. This defendant's address for service of process, according to the New York State Department of State's website, is c/o Howard G. Carpenter, Jr., Attorney & Counselor at Law, 650 Franklin Street, Suite 200, Schenectady, NY 12305.

27. Ingalls & Associates, LLP is, on information and belief, a New York Limited Liability Partnership with a principal place of business at 2603 Guilderland Ave., Schenectady, Schenectady County, New York 12306. Ingalls & Associates, LLP is, on information and belief, a successor business to Ingalls, Smart Associates.

28. Keller Williams Realty, Inc. is, on information and belief, a Texas corporation with a principal place of business at 807 Las Cimas Parkway, Suite 200, Austin, TX 78746. Keller Williams Realty, Inc.'s Texas

Department of State filing number is 133750200 and their Texas tax ID is 17427566280. On information and belief, Keller Williams Realty, Inc. is the franchisor that controls the trademarks and business practices for Keller Williams Realty Capital District.

29. Keller Williams Capital District is, on information and belief, an unincorporated franchisee of Keller Williams Realty, Inc. (a Texas corporation), with a principal place of business at 935 New Loudon Road, Latham, Albany County, New York 12110.

30. Danielle Enos is a natural person whose residence is unknown and whose principal place of business is, on information and belief, at 935 New Loudon Road, Latham, Albany County, New York 12110.

31. Keith Enos is a natural person whose residence is unknown and whose principal place of business is, on information and belief, at 935 New Loudon Road, Latham, Albany County, New York 12110.

32. Keith Vinehout is a natural person whose residence is unknown and whose principal place of business is, on information and belief, at 935 New Loudon Road, Latham, Albany County, New York 12110

33. Cicero Builder Dev. Inc. is, on information and belief, a New York corporation with a principal place of business at 952 Sterling Ridge Drive, Rensselaer, Rensselaer County, New York 12184.

34. Luigi Cicero is a natural person with a principal place of business, on information and belief, at 952 Sterling Ridge Drive, Rensselaer,

Rensselaer County, New York 12184.

35. Lawrence Warner is a natural person who resides at 10 Peachtree Lane, Albany, Albany County, New York 12205.

36. Michael Martin is a natural person whose residence is 8 Peachtree Lane, Albany, Albany County, New York 12205.

37. Joseph R. Severance is a natural person whose residence is 22 Peachtree Lane, Albany, Albany County, New York 12205.

38. Creative Drafting Services, Inc. is, on information and belief, a New York corporation with a principal place of business at 65 Flansburg Lane, Voorheesville, Albany County, New York 12186.

39. David J. Hopper is a natural person whose residence is unknown and whose principal place of business is, on information and belief, at 65 Flansburg Lane, Voorheesville, Albany County, New York 12186.

40. Capital Framing, Inc. is, on information and belief, a New York corporation with a principal place of business at 4 Walker Way, Albany, Albany County, New York 12205.

41. Joseph M. Clark is a natural person whose residence is unknown and whose principal place of business is, on information and belief, at 4 Walker Way, Albany, Albany County, New York 12205.

42. All other defendants are natural persons who are owners of record of real property as specified in the Caption hereto in Albany, Rensselaer and Saratoga Counties, New York. Certain improvements upon these

defendants' real property comprise the subject matter of this action under the copyright laws of the United States.

## Jurisdiction and Venue

43. This action is brought under the copyright laws of the United States, 17 U.S.C. 501 *et seq.*

44. Under 28 U.S.C. 1338(a), the United States District Courts have exclusive subject matter jurisdiction over copyright matters.

45. The United States District Court for the Northern District of New York has personal jurisdiction over all defendants under 28 U.S.C. 1400(a).

46. Venue, which is herein based on the residence, property location, or principal place of business of defendants, is proper in Albany, New York under 28 U.S.C. 1391(b).

## CAUSE OF ACTION AND SUPPORTING ALLEGATIONS OF FACT

47. Plaintiffs reallege and incorporate by reference Paragraphs 1-40 above.

48. The cause of action in this matter is copyright infringement under 17 USC 101, 102, and 106.

49. Remedies for copyright infringement, if proven, are available to the plaintiffs under 17 USC 501 *et seq.*

50. Zalewski is an individual who designs the architecture and building design of residential homes. He owns one hundred percent of the stock of Draftics, which is also a plaintiff to this action.

51. Zalewski made twelve (12) original home designs between 1994 and 1998. Those designs are entitled: DRA216a; DRA327; DRA217; DRA218; DRA211; DRA210; DRA219; DRA212; DRA313; DRA218; DRA213; and DRA316.

52. Zalewski and Draftics made one single-use license to T.P. Builders, Inc. and Thomas Paonessa to build each of the homes Zalewski designed.

53. Zalewski and Draftics have not made any license to any other contractor, builder, architect, engineer, home designer, or homeowner who is a party to this action.

54. No "work made for hire" agreement under 17 U.S.C. 201(b) was made at any time between Zalewski or Draftics and any other party, including any defendant.

55. No assignment or transfer of copyright was made at any time between Zalewski or Draftics and any other party, including any defendant.

56. In or about 1998, Zalewski/Draftics and T.P. Builders, Inc. ceased doing business together.

57. T.P. Builders, Inc. continued, without the knowledge or consent of Zalewski or Draftics, to utilize home designs provided by Zalewski after the parties stopped doing business together.

58. Zalewski registered the copyright in each of his home designs with the US Copyright Office.

59. Plaintiffs have never entered into any agreement with any person or entity, outside of the normal course of business wherein Plaintiffs license their customers (who are not parties to the present action) to build one (1) house based on one (1) of Plaintiffs' designs, that would in any way abrogate, relinquish, abandon, share, amend or change in any way any of Plaintiffs' rights under the copyright laws of the United States.

60. Plaintiffs have never entered into a "work made for hire" agreement under the copyright laws of the United States with any person or entity.


### COUNT ONE
### As to Plaintiff's Design DRA216a

61. Plaintiffs reallege and incorporate by reference Paragraphs 1-60 above.

62. Zalewski and Draftics completed Design DRA216a was completed in 1996, and is registered with the US Copyright Office under Registration Numbers VAu 1-001-671 and VAu 1-001-672.

63. The DRA216a drawings are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States, 17 USC 101 *et seq.*

64. Plaintiffs are the authors and the current claimants of the copyright in the DRA216a design and drawings. Plaintiffs together possess the exclusive rights described in 17 USC 106 with respect to such copyrights.

65. Plaintiffs have complied with all respects with the copyright laws of the United States and have secured the exclusive rights and privileges in the DRA216a design and drawings.

66. Commencing on the first date of publication and continuing thereafter, the DRA216a design and drawings have been published in conformity with the copyright laws of the United States.

67. The accused properties are:

    a.  52 Whitney Road South, Stillwater, Saratoga County, New York;

        i.  The owner(s) of record of the above-referenced property are Joseph M. Pickett Jr. and Meghan Smith.

    b.  104 Stacey Crest Dr., Rotterdam, Schenectady County, New York;

        i.  The owner(s) of record of the above-referenced property are unknown at this time, and are referred to herein as "104Owner."

    a.  Collectively, the owners of the accused properties are referred to herein as "216aOwners."

68. Jointly and severally, upon information and belief, T.P. Builders, Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G. Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey, C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc., Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C.,

Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC, Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates, LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner, Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc., David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., Joseph M. Clark, and the 216aOwners (collectively referred to herein as the "216aDefendants") designed, engineered, constructed, advertised, sold and purchased homes based on Plaintiffs' DRA216a design (the "216aHomes").

69. The design, engineering, specifications, drawings, and construction of the 216aHomes are substantially similar to Plaintiffs' DRA216a design.

70. The design, the engineering, the specifications and drawings, the construction, the listing and sale, and the purchase for the 216aHomes were made by the 216aDefendants.

71. The 216aDefendants were, upon information and belief, aware of Plaintiffs' DRA216a design at the time they made the design for the 216aHomes, the construction order for the 216aHomes, the drawings and specifications for the 216aHomes, the construction of the 216aHomes, the listings and sales of the 216aHomes, and the purchase of the 216aHomes.

72. The infringement of the 216aDefendants upon Plaintiffs' DRA216a design was, upon information and belief, knowing, willful, and intentional.

73. 216aOwners, upon information and belief, induced the remaining 216aDefendants to infringe Plaintiffs' copyright by inducing them to engineer, design, draw, and construct a home based on a design that is substantially similar to Plaintiffs' DRA216a design.

74. The infringement by 216aOwners, upon information and belief, was knowing, willful, and intentional.

*Advertising of DRA216a*

75. The 216aDefendants, upon information and belief, advertise a home plan on their website or websites and, on information and belief, other venues that they call "Madison".

76. The 216aDefendants, upon information and belief, advertise a home plan for new construction on their various websites and may, on information and belief, other venues that is called "Madison".

77. "Madison" comprises a floor plan design and an exterior elevation that are substantially similar to Plaintiffs' DRA216a design of floor plan and exterior elevation.

78. Upon information and belief, the 216aDefendants were or should have been aware of Plaintiffs' DRA216a design.

79. Upon information and belief, the 216aDefendants infringed Plaintiffs' DRA216a design by advertising the "Madison" on their website or websites and, on information and belief, other venues.

80. Upon information and belief, the infringement of the 216aDefendants against Plaintiffs' DRA216a design is knowing, willful, and intentional.

*General Allegations Regarding DRA216a*

81. Without Plaintiffs' prior knowledge or consent, the 216aDefendants prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings for the construction of the accused homes by copying Plaintiffs' DRA216a design by using the DRA216a design and otherwise induced, caused, or directed the wrongfully copied DRA216a design to be used or exploited in the construction of the accused properties.

82. Upon information and belief, the 216aDefendants participated in the infringing activities, including but not limited to the copying of the DRA216a design, the preparation of the architectural drawings for the accused properties, the construction of the accused properties, and the sale and purchase of the accused properties.

83. Upon information and belief, the 216aDefendants had access to the DRA216a design through a single-use license to construct a home using the DRA216a drawings that Plaintiffs entered into with T.P. Builders, Inc.

84. The actions of the 216aDefendants violate Plaintiffs' exclusive copyrights in the DRA216a design, and those actions constitute infringement of Plaintiffs' copyright of their DRA216a design under 17 USC 106.

85. Upon information and belief, copyright infringement by the 216aDefendants of the accused properties was knowing, willful, and intentional.

86. The actions of the 216aDefendants have caused, and will continue to cause, irreparable damage to Plaintiffs for which there exists no adequate remedy at law.

**COUNT TWO**
**As to Plaintiffs' Design DRA327**

87. Plaintiffs re-allege and incorporate by reference Paragraphs 1-86 above.

88. The DRA327 design is registered with the US Copyright Office under Registration Number VA 1-696-664.

89. The DRA327 drawings are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States, 17 USC 101 *et seq.*

90. Plaintiffs are the authors and the current claimants of the copyright in the DRA327 design and drawings. Plaintiffs together possess the exclusive rights described in 17 USC 106 with respect to such copyrights.

91. Plaintiffs have complied with all respects with the copyright laws of the United States and have secured the exclusive rights and privileges in the DRA327 design and drawings.

92. Commencing on the first date of publication and continuing thereafter, the DRA327 design and drawings have been published in conformity with the copyright laws of the United States.

93. Upon information and belief, Thomas Paonessa advertises a home plan on his website and, on information and belief, other venues that contains a floor plan design and an exterior elevation that are substantially similar to Plaintiffs' DRA327 design of floor plan and exterior elevation.

94. Upon information and belief, Thomas Paonessa was or should have been aware of Plaintiffs' DRA327 design.

95. Upon information and belief, Thomas Paonessa infringed Plaintiffs' DRA327 design by advertising the substantially similar home plan on their website and, on information and belief, other venues.

96. Upon information and belief, the infringement of Thomas Paonessa against Plaintiffs' DRA327 design is willful, and intentional.

97. Without Plaintiffs' prior knowledge or consent, upon information and belief, T.P. Builders, Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G. Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey, C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc., Cara Carley, Thomas Marks, Kim Hart, Roxanne K.

Heller, Dalton McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C., Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC, Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates, LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner, Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc., David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., Joseph M. Clark (the 327Defendants) prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings by copying the DRA327 design.

98. Upon information and belief, the 327Defendants have used the drawings and otherwise induced, caused, or directed the wrongfully copied DRA327 design to be used or exploited in the design and advertising of homes to be newly constructed using the DRA327 design.

99. Upon information and belief, the 327Defendants participated in the infringing activities, including but not limited to the copying of the DRA327 design, and the preparation of the architectural drawings for the proposed new construction home.

100.     Upon information and belief, the 327Defendants had access to the DRA327 design through a single-use license to construct a home using the DRA327 drawings that Plaintiffs entered into with T.P. Builders, Inc. in approximately 1996 or 1997.

101.     The 327Defendants' actions violate Plaintiffs' exclusive copyrights in the DRA327 design, and those actions constitute infringement of Plaintiffs' copyrights under 17 USC 106.

102.     Upon information and belief, the 327Defendants' copyright infringement was knowing, willful, and intentional.

103.     The 327Defendants' actions have caused, and will continue to cause, irreparable damage to Plaintiffs for which there exists no adequate remedy at law.

**COUNT THREE**
**As to Plaintiffs' Design DRA217**

104.     Plaintiffs reallege and incorporate by reference Paragraphs 1-103 above.

105.     Design DRA217 is registered with the US Copyright Office under Registration Number VA 1-696-666.

106.     The DRA217 drawings are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States, 17 USC 101 *et seq.*

107.     Plaintiffs are the authors and the current claimants of the copyright in the DRA217 design and drawings. Plaintiffs together possess the exclusive rights described in 17 USC 106 with respect to such copyrights.

108.    Plaintiffs have complied in all respects with the copyright laws of the United States and have secured the exclusive rights and privileges in the DRA217 design and drawings.

109.    Commencing on the first date of publication and continuing thereafter, the DRA217 design and drawings have been published in conformity with the copyright laws of the United States.

110.    The accused properties are:

b.  10 Peachtree Lane, Colonie, Albany County, New York 12205;

   i.  The owners of record of the above-referenced property are Lawrence Warner and Mary Warner, Husband and Wife.

c.  37 JoAnn Court, Colonie, Albany County, New York 12205;

   i.  The owners of record of the above-reference property are Scott A. Hargraves and Kristen M. Hargraves, Husband and Wife.

d.  564 Snyders Lake Road, North Greenbush, Rensselaer County, New York 12198;

   i.  The owner of record of the above-referenced property is Qudseya Anwar.

e.  14 Dominico Drive, Bethlehem, Albany County, New York 12054;

   i.  The owners of record of the above-referenced property are Robert C. Carl and Brenda H. Carl, Husband and Wife.

f.  19 Timber Lane, Bethlehem, Albany County, New York 12054;

  i. The owners of record of the above-referenced property are John D. Robinson and Andrea Robinson, Husband and Wife.

g. 20 Timber Lane, Bethlehem, Albany County, New York 12054;

  i. The owners of record of the above-referenced property are Donald A. Dawson Jr. and Joan E. Dawson, Husband and Wife.

h. 23 Timber Lane, Bethlehem, Albany County, New York 12054;

  i. The owners of record of the above-referenced property are John Karamanlis and Michelle Karamanlis, Husband and Wife.

i. 24 Timber Lane, Bethlehem, Albany County, New York 12054;

  i. The owners of record of the above-referenced property are Paul J. Stento and Judith L. Stento, Husband and Wife.

j. 30 Timber Lane, Bethlehem, Albany County, New York 12054;

  i. The owners of record of the above-referenced property are James F. Laramie Jr. and Harleen M. Laramie, Husband and Wife.

k. 42 Patterson Drive, Bethlehem, Albany County, New York 12054;

  i. The owners of record of the above-referenced property are unknown at this time and are referred to herein as "42PDOwners."

l. 45 Patterson Drive, Bethlehem, Albany County, New York 12054;

    i. The owners of record of the above-referenced property are unknown at this time and are referred to herein as "45PDOwners."

m. 61 Patterson Drive, Bethlehem, Albany County, New York 12054;

    i. The owners of record of the above-referenced property are unknown at this time and are referred to herein as "61PDOwners."

n. 71 Patterson Drive, Bethlehem, Albany County, New York 12054;

    i. The owners of record of the above-referenced property are Kevin M. Quinn and Meryl P. Quinn, Husband and Wife.

o. 57 Henderson Road, Bethlehem, Albany County, New York 12054;

    i. The owners of record of the above-referenced property are Louis Meo and Patricia A. Meo, Husband and Wife.

p. 73 Henderson Road, Bethlehem, Albany County, New York 12054;

    i. The owner of record of the above-referenced property is Paul L. Marshall.

q. 24 Arch Ave., Bethlehem, Albany County, New York 12054;

    i. The owners of record of the above-referenced property are Peter A. Lomanto and Roxanne Lomanto, Husband and Wife.

r. 4186 Albany Street, Albany, Albany County, New York 12205;

          i.  The owners of record of the above-referenced property are Thomas A. Bult and Randi S. Bult, Husband and Wife.

     s.  Collectively, the owners of the accused properties are referred to herein as "217Owners."

111.    Jointly and severally, upon information and belief, T.P. Builders, Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G. Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey, C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc., Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C., Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC, Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates, LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner, Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc., David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., Joseph M. Clark, and the 217Owners (collectively referred to herein as the "217Defendants") designed, engineered, constructed, advertised, sold and purchased homes based on Plaintiffs' DRA217 design (the "217Homes").

112.    The design, engineering, specifications, drawings, and construction of the 217Homes are substantially similar to Plaintiffs' DRA217 design.

113.     The design, the engineering, the specifications and drawings, the construction, the listing and sale, and the purchase for the 217Homes were made by the 217Defendants.

114.     The 217Defendants were, upon information and belief, aware of Plaintiffs' DRA217 design at the time they made the design for the 217Homes, the construction order for the 217Homes, the drawings and specifications for the 217Homes, the construction of the 217Homes, the listings and sales of the 217Homes, and the purchase of the 217Homes.

115.     The infringement of the 217Defendants upon Plaintiffs' DRA217 design was, upon information and belief, knowing, willful, and intentional.

116.     217Owners, upon information and belief, induced the remaining 217Defendants to infringe Plaintiffs' copyright by inducing them to engineer, design, draw, and construct a home based on a design that is substantially similar to Plaintiffs' DRA217 design.

117.     The infringement by 217Owners, upon information and belief, was knowing, willful, and intentional.

*Advertising of DRA217*

118.     The 217Defendants advertise a home plan on their website or websites and, on information and belief, other venues that they call "Lexington".

119.     The 217Defendants advertise a home plan for new construction on their various websites and may, on information and belief, other venues that is called "Lexington".

120.     "Lexington" comprises a floor plan design and an exterior elevation that are substantially similar to Plaintiffs' DRA217 design of floor plan and exterior elevation.

121.     Upon information and belief, the 217Defendants were or should have been aware of Plaintiffs' DRA217 design.

122.     Upon information and belief, the 217Defendants infringed Plaintiffs' DRA217 design by advertising the "Lexington" on their website or websites and, on information and belief, other venues.

123.     Upon information and belief, the infringement of the 217Defendants against Plaintiffs' DRA217 design is knowing, willful, and intentional.

*General Allegations Regarding DRA217*

124.     Without Plaintiffs' prior knowledge or consent, the 217Defendants prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings for the construction of the accused homes by copying Plaintiffs' DRA217 design by using the DRA217 design and otherwise induced, caused, or directed the wrongfully copied DRA217 design to be used or exploited in the construction of the accused properties.

125.      Upon information and belief, the 217Defendants participated in the

infringing activities, including but not limited to the copying of the DRA217

design, the preparation of the architectural drawings for the accused

properties, the construction of the accused properties, and the sale and

purchase of the accused properties.

126.      Upon information and belief, the 217Defendants had access to the

DRA217 design through a single-use license to construct a home using

the DRA217 drawings that Plaintiffs entered into with T.P. Builders, Inc.

127.      The actions of the 217Defendants violate Plaintiffs' exclusive

copyrights in the DRA217 design, and those actions constitute

infringement of Plaintiffs' copyright of their DRA217 design under 17 USC

106.

128.      Upon information and belief, copyright infringement by the

217Defendants of the accused properties was knowing, willful, and

intentional.

129.      The actions of the 217Defendants have caused, and will continue to

cause, irreparable damage to Plaintiffs for which there exists no adequate

remedy at law.

**COUNT FOUR**
**As to Plaintiffs' Design DRA211**

130.      Plaintiffs reallege and incorporate by reference Paragraphs 1-129

above.

131.     Design DRA211 is registered with the US Copyright Office under

Registration Number VA 1-696-670.

132.     The DRA211 drawings are original works of authorship and

constitute copyrightable subject matter under the copyright laws of the

United States, 17 USC 101 *et seq.*

133.     Plaintiffs are the authors and the current claimants of the copyright

in the DRA211 design and drawings. Plaintiffs together possess the

exclusive rights described in 17 USC 106 with respect to such copyrights.

134.     Plaintiffs have complied with all respects with the copyright laws of

the United States and have secured the exclusive rights and privileges in

the DRA211 design and drawings.

135.     Commencing on the first date of publication and continuing

thereafter, the DRA211 design and drawings have been published in

conformity with the copyright laws of the United States.

136.     Jointly and severally, upon information and belief, T.P. Builders,

Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G.

Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey,

C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc.,

Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton

McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C.,

Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC,

Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates,

LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith
Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner,
Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc.,
David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., Joseph M.
Clark, and all owners of record (collectively referred to herein as the
"211Defendants") advertised, designed, engineered, constructed, sold and
purchased homes based on Plaintiffs' DRA211 design (the "211Homes").

137.    The addresses of the 211 home or homes that have been
constructed are, upon information and belief, as follows:

    t.   1 Peachtree Lane, Colonie, Albany County, New York;

        i.   The owner(s) of record of the above property is/are Charles
R. Hayes and Ashley L. Beadle.

    u.   6 Peachtree Lane, Colonie, Albany County, New York;

        i.   The owner(s) of record of the above property is/are John A.
Ricci and Beth F. Birnbaum.

    v.   16 Peachtree Lane, Colonie, Albany County, New York

        i.   The owner(s) of record of the above property are unknown at
this time, and are referred to herein as "16Owners".

    w.   1 Kaleen Drive, Ballston Spa, Saratoga County, New York

        i.   The owner(s) of record of the above property are unknown at
this time, and are referred to herein as "1Owners".

    x.   9 Kaleen Drive, Ballston Spa, Saratoga County, New York

i.  The owner(s) of record of the above property are unknown at this time, and are referred to herein as "9Owners".

y.  Jointly, the owners of the accused properties are referred to hereinafter "211Owners."

138.    The design, engineering, specifications, drawings, and construction of the 211Homes are substantially similar to Plaintiffs' DRA211 design.

139.    The design, the engineering, the specifications and drawings, the construction, the listing and sale, and the purchase for the 211Homes were made by the 211Defendants.

140.    The 211Defendants were, upon information and belief, aware of Plaintiffs' DRA211 design at the time they made the design for the 211Homes, the construction order for the 211Homes, the drawings and specifications for the 211Homes, the construction of the 211Homes, the listings and sales of the 211Homes, and the purchase of the 211Homes.

141.    The infringement of the 211Defendants upon Plaintiffs' DRA211 design was, upon information and belief, knowing, willful, and intentional.

142.    211Owners, upon information and belief, induced the remaining 211Defendants to infringe Plaintiffs' copyright by inducing them to engineer, design, draw, and construct a home based on a design that is substantially similar to Plaintiffs' DRA211 design.

143.    The infringement by 211Owners, upon information and belief, was knowing, willful, and intentional.

*Advertising of DRA211*

144.     The 211Defendants advertise a home plan on their website or websites and, on information and belief, other venues that they call "Maverick".

145.     The 211Defendants advertise a home plan for new construction on their various websites and may, on information and belief, other venues that is called "Maverick".

146.     "Maverick" comprises a floor plan design and an exterior elevation that are substantially similar to Plaintiffs' DRA211 design of floor plan and exterior elevation.

147.     Upon information and belief, the 211Defendants were or should have been aware of Plaintiffs' DRA211 design.

148.     Upon information and belief, the 211Defendants infringed Plaintiffs' DRA211 design by advertising the "Maverick" on their website or websites and, on information and belief, other venues.

149.     Upon information and belief, the infringement of the 211Defendants against Plaintiffs' DRA211 design is knowing, willful, and intentional.

*General Allegations Regarding DRA211*

150.     Without Plaintiffs' prior knowledge or consent, the 211Defendants prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings for the construction of the accused homes by copying Plaintiffs' DRA211 design by using the DRA211 design and

otherwise induced, caused, or directed the wrongfully copied DRA211 design to be used or exploited in the construction of the accused properties.

151.     Upon information and belief, the 211Defendants participated in the infringing activities, including but not limited to the copying of the DRA211 design, the preparation of the architectural drawings for the accused properties, the construction of the accused properties, and the sale and purchase of the accused properties.

152.     Upon information and belief, the 211Defendants had access to the DRA211 design through a single-use license to construct a home using the DRA211 drawings that Plaintiffs entered into with T.P. Builders, Inc.

153.     The actions of the 211Defendants violate Plaintiffs' exclusive copyrights in the DRA211 design, and those actions constitute infringement of Plaintiffs' copyright of their DRA211 design under 17 USC 106.

154.     Upon information and belief, copyright infringement by the 211Defendants was knowing, willful, and intentional.

155.     The actions of the 211Defendants have caused, and will continue to cause, irreparable damage to Plaintiffs for which there exists no adequate remedy at law.

## COUNT FIVE
### As to Plaintiffs' Design DRA210

156.     Plaintiffs reallege and incorporate by reference Paragraphs 1-155

above.

157.     Design DRA210 is registered with the US Copyright Office under

Registration Number VA 1-696-657.

158.     The DRA210 drawings are original works of authorship and

constitute copyrightable subject matter under the copyright laws of the

United States, 17 USC 101 *et seq.*

159.     Plaintiffs are the authors and the current claimants of the copyright

in the DRA210 design and drawings. Plaintiffs together possess the

exclusive rights described in 17 USC 106 with respect to such copyrights.

160.     Plaintiffs have complied with all respects with the copyright laws of

the United States and has secured the exclusive rights and privileges in

the DRA210 design and drawings.

161.     Commencing on the first date of publication and continuing

thereafter, the DRA210 design and drawings have been published in

conformity with the copyright laws of the United States.

162.     The accused properties are:

z.  14 Peachtree Lane, Colonie, Albany County, New York 12205;

i.  The owners of record of the above-referenced property are

Joseph Goyette and Jennifer Goyette, Husband and Wife.

aa. 35 JoAnn Court, Colonie, Albany County, New York 12205;

    i.  The owners of record of the above-reference property are Robert K. Sutherland and Deborah L. Sutherland, Husband and Wife.

bb. Collectively, the owners of the accused properties are referred to herein as "210Owners."

163.    Jointly and severally, upon information and belief, T.P. Builders, Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G. Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey, C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc., Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C., Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC, Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates, LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner, Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc., David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., Joseph M. Clark, and the 210Owners (collectively referred to herein as the "210Defendants") designed, engineered, constructed, advertised, sold and purchased homes based on Plaintiffs' DRA210 design (the "210Homes").

164.     The design, engineering, specifications, drawings, and construction of the 210Homes are substantially similar to Plaintiffs' DRA210 design.

165.     The design, the engineering, the specifications and drawings, the construction, the listing and sale, and the purchase for the 210Homes were made by the 210Defendants.

166.     The 210Defendants were, upon information and belief, aware of Plaintiffs' DRA210 design at the time they made the design for the 210Homes, the construction order for the 210Homes, the drawings and specifications for the 210Homes, the construction of the 210Homes, the listings and sales of the 210Homes, and the purchase of the 210Homes.

167.     The infringement of the 210Defendants upon Plaintiffs' DRA210 design was, upon information and belief, knowing, willful, and intentional.

168.     210Owners, upon information and belief, induced the remaining 210Defendants to infringe Plaintiffs' copyright by inducing them to engineer, design, draw, and construct a home based on a design that is substantially similar to Plaintiffs' DRA210 design.

169.     The infringement by 210Owners, upon information and belief, was knowing, willful, and intentional.

*Advertising of DRA210*

170.     The 210Defendants, upon information and belief, advertise a home plan on their website or websites and, on information and belief, other venues.

171.     The 210Defendants advertise a home plan for new construction on their various websites and may, on information and belief, other venues.

172.     The advertised home, upon information and belief, comprises a floor plan design and an exterior elevation that are substantially similar to Plaintiffs' DRA210 design of floor plan and exterior elevation.

173.     Upon information and belief, the 210Defendants were or should have been aware of Plaintiffs' DRA210 design.

174.     Upon information and belief, the 210Defendants infringed and may continue to infringe Plaintiffs' DRA210 design by advertising a home design that is substantially similar to Plaintiffs' DRA210 design on their website or websites and, on information and belief, other venues.

175.     Upon information and belief, the infringement of the 210Defendants against Plaintiffs' DRA210 design is knowing, willful, and intentional.

*General Allegations Regarding DRA210*

176.     Without Plaintiffs' prior knowledge or consent, the 210Defendants prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings for the construction of the accused homes by copying Plaintiffs' DRA210 design by using the DRA210 design and otherwise induced, caused, or directed the wrongfully copied DRA210 design to be used or exploited in the construction of the accused properties.

177.     Upon information and belief, the 210Defendants participated in the infringing activities, including but not limited to the copying of the DRA210 design, the preparation of the architectural drawings for the accused properties, the construction of the accused properties, and the sale and purchase of the accused properties.

178.     Upon information and belief, the 210Defendants had access to the DRA210 design through a single-use license to construct a home using the DRA210 drawings that Plaintiffs entered into with T.P. Builders, Inc.

179.     The actions of the 210Defendants violate Plaintiffs' exclusive copyrights in the DRA210 design, and those actions constitute infringement of Plaintiffs' copyright of their DRA210 design under 17 USC 106.

180.     Upon information and belief, copyright infringement by the 210Defendants of the accused properties was knowing, willful, and intentional.

181.     The actions of the 210Defendants have caused, and will continue to cause, irreparable damage to Plaintiffs for which there exists no adequate remedy at law.

**COUNT SIX**
**As to Plaintiffs' Design DRA219**

182.     Plaintiffs reallege and incorporate by reference Paragraphs 1-181 above.

183.     Design DRA219 is registered with the US Copyright Office under

Registration Number VA 1-696-658.

184.     The DRA219 drawings are original works of authorship and

constitute copyrightable subject matter under the copyright laws of the

United States, 17 USC 101 *et seq.*

185.     Plaintiffs are the authors and the current claimants of the copyright

in the DRA219 design and drawings. Plaintiffs together possess the

exclusive rights described in 17 USC 106 with respect to such copyrights.

186.     Plaintiffs have complied with all respects with the copyright laws of

the United States and have secured the exclusive rights and privileges in

the DRA219 design and drawings.

187.     Commencing on the first date of publication and continuing

thereafter, the DRA219 design and drawings have been published in

conformity with the copyright laws of the United States.

188.     The accused properties are:

cc. 61 Patterson Drive, Bethlehem, Albany County, New York 12054;

i.  The owners of record of the above-referenced property are

unknown at this time and are referred to herein as

61Owners.

dd. Collectively, the owners of the accused properties are referred to

herein as "219Owners."

189.     Jointly and severally, upon information and belief, T.P. Builders, Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G. Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey, C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc., Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C., Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC, Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates, LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner, Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc., David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., Joseph M. Clark, and the 219Owners (collectively referred to herein as the "219Defendants") designed, engineered, constructed, advertised, sold and purchased homes based on Plaintiffs' DRA219 design (the "219Homes").

190.     The design, engineering, specifications, drawings, and construction of the 219Homes are substantially similar to Plaintiffs' DRA219 design.

191.     The design, the engineering, the specifications and drawings, the construction, the listing and sale, and the purchase for the 219Homes were made by the 219Defendants.

192.     The 219Defendants were, upon information and belief, aware of Plaintiffs' DRA219 design at the time they made the design for the

219Homes, the construction order for the 219Homes, the drawings and specifications for the 219Homes, the construction of the 219Homes, the listings and sales of the 219Homes, and the purchase of the 219Homes.

193.     The infringement of the 219Defendants upon Plaintiffs' DRA219 design was, upon information and belief, knowing, willful, and intentional.

194.     219Owners, upon information and belief, induced the remaining 219Defendants to infringe Plaintiffs' copyright by inducing them to engineer, design, draw, and construct a home based on a design that is substantially similar to Plaintiffs' DRA219 design.

195.     The infringement by 219Owners, upon information and belief, was knowing, willful, and intentional.

*Advertising of DRA219*

196.     The 219Defendants, upon information and belief, advertise a home plan on their website or websites and, on information and belief, other venues.

197.     The 219Defendants advertise a home plan for new construction on their various websites and may, on information and belief, other venues.

198.     The advertised home, upon information and belief, comprises a floor plan design and an exterior elevation that are substantially similar to Plaintiffs' DRA219 design of floor plan and exterior elevation.

199.     Upon information and belief, the 219Defendants were or should have been aware of Plaintiffs' DRA219 design.

200.     Upon information and belief, the 219Defendants infringed and may continue to infringe Plaintiffs' DRA219 design by advertising a home design that is substantially similar to Plaintiffs' DRA219 design on their website or websites and, on information and belief, other venues.

201.     Upon information and belief, the infringement of the 219Defendants against Plaintiffs' DRA219 design is knowing, willful, and intentional.

*General Allegations Regarding DRA219*

202.     Without Plaintiffs' prior knowledge or consent, the 219Defendants prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings for the construction of the accused homes by copying Plaintiffs' DRA219 design by using the DRA219 design and otherwise induced, caused, or directed the wrongfully copied DRA219 design to be used or exploited in the construction of the accused properties.

203.     Upon information and belief, the 219Defendants participated in the infringing activities, including but not limited to the copying of the DRA219 design, the preparation of the architectural drawings for the accused properties, the construction of the accused properties, and the sale and purchase of the accused properties.

204.     Upon information and belief, the 219Defendants had access to the DRA219 design through a single-use license to construct a home using the DRA219 drawings that Plaintiffs entered into with T.P. Builders, Inc.

205.     The actions of the 219Defendants violate Plaintiffs' exclusive copyrights in the DRA219 design, and those actions constitute infringement of Plaintiffs' copyright of their DRA219 design under 17 USC 106.

206.     Upon information and belief, copyright infringement by the 219Defendants of the accused properties was knowing, willful, and intentional.

207.     The actions of the 219Defendants have caused, and will continue to cause, irreparable damage to Plaintiffs for which there exists no adequate remedy at law.


**COUNT SEVEN**
**As to Plaintiffs' Design DRA212**

208.     Plaintiffs reallege and incorporate by reference Paragraphs 1-207 above.

209.     Design DRA212 is registered with the US Copyright Office under Registration Number VA 1-696-661.

210.     The DRA212 drawings are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States, 17 USC 101 *et seq.*

211.     Plaintiffs are the authors and the current claimants of the copyright in the DRA212 design and drawings. Plaintiffs together possess the exclusive rights described in 17 USC 106 with respect to such copyrights.

212.     Plaintiffs have complied with all respects with the copyright laws of the United States and has secured the exclusive rights and privileges in the DRA212 design and drawings.

213.     Plaintiffs have applied for and been granted registration of its copyright for the DRA212 design and drawings by the United States Copyright Office, and have received a certificate of copyright in the DRA212 design and drawings.

214.     Commencing on the first date of publication and continuing thereafter, the DRA212 design and drawings have been published in conformity with the copyright laws of the United States.

*Advertising of DRA212*

215.     Jointly and severally, upon information and belief, T.P. Builders, Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G. Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey, C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc., Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C., Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC, Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates,

LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner, Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc., David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., and Joseph M. Clark (collectively referred to herein as the "212Defendants"), upon information and belief, advertise a home plan called "Citation" on their website or websites and, on information and belief, other venues.

216.     The 212Defendants advertise a home plan called "Citation" for new construction on their various websites and may, on information and belief, other venues.

217.     The advertised home, upon information and belief, comprises a floor plan design and an exterior elevation that are substantially similar to Plaintiffs' DRA212 design of floor plan and exterior elevation.

218.     Upon information and belief, the 212Defendants were or should have been aware of Plaintiffs' DRA212 design.

219.     Upon information and belief, the 212Defendants infringed and may continue to infringe Plaintiffs' DRA212 design by advertising a home design that is substantially similar to Plaintiffs' DRA212 design on their website or websites and, on information and belief, other venues.

220.     Upon information and belief, the infringement of the 212Defendants against Plaintiffs' DRA212 design is knowing, willful, and intentional.

## *General Allegations Regarding DRA212*

221.     Without Plaintiffs' prior knowledge or consent, the 212Defendants prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings for the construction of the accused homes by copying Plaintiffs' DRA212 design by using the DRA212 design and otherwise induced, caused, or directed the wrongfully copied DRA212 design to be used or exploited in the construction of the accused properties.

222.     Upon information and belief, the 212Defendants participated in the infringing activities, including but not limited to the copying of the DRA212 design, the preparation of the architectural drawings for the accused properties, the construction of the accused properties, and the sale and purchase of the accused properties.

223.     Upon information and belief, the 212Defendants had access to the DRA212 design through a single-use license to construct a home using the DRA212 drawings that Plaintiffs entered into with T.P. Builders, Inc.

224.     The actions of the 212Defendants violate Plaintiffs' exclusive copyrights in the DRA212 design, and those actions constitute infringement of Plaintiffs' copyright of their DRA212 design under 17 USC 106.

225.     Upon information and belief, copyright infringement by the

212Defendants of the accused properties was knowing, willful, and

intentional.

226.     The actions of the 212Defendants have caused, and will continue to

cause, irreparable damage to Plaintiffs for which there exists no adequate

remedy at law.


**COUNT EIGHT
AS TO DRA313**

227.     Plaintiffs reallege and incorporate by reference Paragraphs 1-226

above.

228.     Design DRA313 ("313") is registered with the US Copyright Office

under Registration Number VA 1-696-662.

229.     The DRA313 drawings are original works of authorship and

constitute copyrightable subject matter under the copyright laws of the

United States, 17 USC 101 *et seq.*

230.     Plaintiffs are the authors and the current claimants of the copyright

in the DRA313 design and drawings. Plaintiffs together possess the

exclusive rights described in 17 USC 106 with respect to such copyrights.

231.     Plaintiffs have complied with all respects with the copyright laws of

the United States and has secured the exclusive rights and privileges in

the DRA313 design and drawings.

232.     Commencing on the first date of publication and continuing

thereafter, the DRA313 design and drawings have been published in

conformity with the copyright laws of the United States.

233.     The accused properties are:

ee. 5 Peachtree Lane, Colonie, Albany County, New York 12205;

     i.   The owners of record of the above-referenced property are

        Peter S. Nati and Maureen A. Nati, Husband and Wife.

ff.  Collectively, the owners of the accused properties are referred to

herein as "313Owners."

234.     Jointly and severally, upon information and belief, T.P. Builders,

Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G.

Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey,

C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc.,

Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton

McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C.,

Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC,

Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates,

LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith

Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner,

Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc.,

David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., Joseph M.

Clark, and the 313Owners (collectively referred to herein as the

"313Defendants") designed, engineered, constructed, advertised, sold and purchased homes based on Plaintiffs' DRA313 design (the "313Homes").

235.    The design, engineering, specifications, drawings, and construction of the 313Homes are substantially similar to Plaintiffs' DRA313 design.

236.    The design, the engineering, the specifications and drawings, the construction, the listing and sale, and the purchase for the 313Homes were made by the 313Defendants.

237.    The 313Defendants were, upon information and belief, aware of Plaintiffs' DRA313 design at the time they made the design for the 313Homes, the construction order for the 313Homes, the drawings and specifications for the 313Homes, the construction of the 313Homes, the listings and sales of the 313Homes, and the purchase of the 313Homes.

238.    The infringement of the 313Defendants upon Plaintiffs' DRA313 design was, upon information and belief, knowing, willful, and intentional.

239.    313Owners, upon information and belief, induced the remaining 313Defendants to infringe Plaintiffs' copyright by inducing them to engineer, design, draw, and construct a home based on a design that is substantially similar to Plaintiffs' DRA313 design.

240.    The infringement by 313Owners, upon information and belief, was knowing, willful, and intentional.

*Advertising of DRA313*

241.    The 313Defendants, upon information and belief, may advertise a home plan that is substantially similar to DRA313 on their website or websites and, on information and belief, other venues.

242.    The 313Defendants, upon information and belief, may advertise a home plan for new construction that is substantially similar to DRA313 on their various websites and may, on information and belief, other venues.

243.    The advertised home, upon information and belief, comprises a floor plan design and an exterior elevation that are substantially similar to Plaintiffs' DRA313 design of floor plan and exterior elevation.

244.    Upon information and belief, the 313Defendants were or should have been aware of Plaintiffs' DRA313 design.

245.    Upon information and belief, the 313Defendants infringed and may continue to infringe Plaintiffs' DRA313 design by advertising a home design that is substantially similar to Plaintiffs' DRA313 design on their website or websites and, on information and belief, other venues.

246.    Upon information and belief, the infringement of the 313Defendants against Plaintiffs' DRA313 design is knowing, willful, and intentional.

*General Allegations Regarding DRA313*

247.    Without Plaintiffs' prior knowledge or consent, the 313Defendants prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings for the construction of the accused homes

by copying Plaintiffs' DRA313 design by using the DRA313 design and otherwise induced, caused, or directed the wrongfully copied DRA313 design to be used or exploited in the construction of the accused properties.

248.     Upon information and belief, the 313Defendants participated in the infringing activities, including but not limited to the copying of the DRA313 design, the preparation of the architectural drawings for the accused properties, the construction of the accused properties, and the sale and purchase of the accused properties.

249.     Upon information and belief, the 313Defendants had access to the DRA313 design through a single-use license to construct a home using the DRA313 drawings that Plaintiffs entered into with T.P. Builders, Inc.

250.     The actions of the 313Defendants violate Plaintiffs' exclusive copyrights in the DRA313 design, and those actions constitute infringement of Plaintiffs' copyright of their DRA313 design under 17 USC 106.

251.     Upon information and belief, copyright infringement by the 313Defendants of the accused properties was knowing, willful, and intentional.

252.     The actions of the 313Defendants have caused, and will continue to cause, irreparable damage to Plaintiffs for which there exists no adequate remedy at law.

**COUNT NINE**
**As to Plaintiffs' Design DRA214**

253.     Plaintiffs reallege and incorporate by reference Paragraphs 1-252

above.

254.     Jointly and severally, upon information and belief, T.P. Builders,

Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G.

Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey,

C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc.,

Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton

McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C.,

Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC,

Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates,

LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith

Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner,

Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc.,

David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., and Joseph

M. Clark, (collectively referred to herein as the "214Defendants") may

advertise a home plan that is substantially similar to DRA214 on their

website or websites and, on information and belief, other venues.

255.     The 214Defendants, upon information and belief, may advertise a

home plan for new construction that is substantially similar to DRA214 (the

"214Home") on their various websites and may, on information and belief, other venues.

256.     The advertised 214Home, upon information and belief, comprises a floor plan design and an exterior elevation that are substantially similar to Plaintiffs' DRA214 design of floor plan and exterior elevation.

257.     Upon information and belief, the 214Defendants were or should have been aware of Plaintiffs' DRA214 design.

258.     Upon information and belief, the 214Defendants infringed and may continue to infringe Plaintiffs' DRA214 design by advertising the 214Home design on their website or websites and, on information and belief, other venues.

259.     Upon information and belief, the infringement of the 214Defendants against Plaintiffs' DRA214 design is knowing, willful, and intentional.

*General Allegations Regarding DRA214*

260.     Without Plaintiffs' prior knowledge or consent, upon information and belief, the 214Defendants may have prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings for the construction of the 214Home by copying Plaintiffs' DRA214 design, and may, by using the DRA214 design, and otherwise induced, caused, or directed the wrongfully copied DRA214 design to be used or exploited in the construction of 214Homes.

261.    Upon information and belief, the 214Defendants may have participated in the infringing activities, including but not limited to the copying of the DRA214 design, the preparation of the architectural drawings for 214Homes, the construction of 214Homes, and the sale and purchase of 214Homes.

262.    Upon information and belief, the 214Defendants had access to the DRA214 design through a single-use license to construct a home using the DRA214 drawings that Plaintiffs entered into with T.P. Builders, Inc.

263.    The actions of the 214Defendants violate Plaintiffs' exclusive copyrights in the DRA214 design, and those actions constitute infringement of Plaintiffs' copyright of their DRA214 design under 17 USC 106.

264.    Upon information and belief, copyright infringement by the 214Defendants of the accused properties was knowing, willful, and intentional.

265.    The actions of the 214Defendants have caused, and will continue to cause, irreparable damage to Plaintiffs for which there exists no adequate remedy at law.

## COUNT TEN
### As to Plaintiffs' Design DRA218

266.    Plaintiffs reallege and incorporate by reference Paragraphs 1-265 above.

267.     Jointly and severally, upon information and belief, T.P. Builders, Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G. Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey, C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc., Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C., Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC, Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates, LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner, Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc., David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., and Joseph M. Clark, (collectively referred to herein as the "218Defendants") may advertise a home plan that is substantially similar to DRA218 on their website or websites and, on information and belief, other venues.

268.     The 218Defendants, upon information and belief, may advertise a home plan for new construction that is substantially similar to DRA218 (the "218Home") on their various websites and may, on information and belief, other venues.

269.     The advertised 218Home, upon information and belief, comprises a floor plan design and an exterior elevation that are substantially similar to Plaintiffs' DRA218 design of floor plan and exterior elevation.

270.     Upon information and belief, the 218Defendants were or should have been aware of Plaintiffs' DRA218 design.

271.     Upon information and belief, the 218Defendants infringed and may continue to infringe Plaintiffs' DRA218 design by advertising the 218Home design on their website or websites and, on information and belief, other venues.

272.     Upon information and belief, the infringement of the 218Defendants against Plaintiffs' DRA218 design is knowing, willful, and intentional.

*General Allegations Regarding DRA218*

273.     Without Plaintiffs' prior knowledge or consent, upon information and belief, the 218Defendants may have prepared, or induced, caused, or materially contributed to the preparation of certain architectural drawings for the construction of the 218Home by copying Plaintiffs' DRA218 design, and may, by using the DRA218 design, and otherwise induced, caused, or directed the wrongfully copied DRA218 design to be used or exploited in the construction of 218Homes.

274.     Upon information and belief, the 218Defendants may have participated in the infringing activities, including but not limited to the copying of the DRA218 design, the preparation of the architectural drawings for 218Homes, the construction of 218Homes, and the sale and purchase of 218Homes.

275.    Upon information and belief, the 218Defendants had access to the

DRA218 design through a single-use license to construct a home using

the DRA218 drawings that Plaintiffs entered into with T.P. Builders, Inc.

276.    The actions of the 218Defendants violate Plaintiffs' exclusive

copyrights in the DRA218 design, and those actions constitute

infringement of Plaintiffs' copyright of their DRA218 design under 17 USC

106.

277.    Upon information and belief, copyright infringement by the

218Defendants of the accused properties was knowing, willful, and

intentional.

278.    The actions of the 218Defendants have caused, and will continue to

cause, irreparable damage to Plaintiffs for which there exists no adequate

remedy at law.

**COUNT ELEVEN**
**As to Plaintiffs' Design DRA213**

279.    Plaintiffs reallege and incorporate by reference Paragraphs 1-278

above.

280.    Jointly and severally, upon information and belief, T.P. Builders,

Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G.

Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey,

C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc.,

Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton

McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C.,

Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC,

Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates,

LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith

Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner,

Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc.,

David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., and Joseph

M. Clark, (collectively referred to herein as the "213Defendants") may

advertise a home plan that is substantially similar to DRA213 on their

website or websites and, on information and belief, other venues.

281.     The 213Defendants, upon information and belief, may advertise a

home plan for new construction that is substantially similar to DRA213 (the

"213Home") on their various websites and may, on information and belief,

other venues.

282.     The advertised 213Home, upon information and belief, comprises a

floor plan design and an exterior elevation that are substantially similar to

Plaintiffs' DRA213 design of floor plan and exterior elevation.

283.     Upon information and belief, the 213Defendants were or should

have been aware of Plaintiffs' DRA213 design.

284.     Upon information and belief, the 213Defendants infringed and may

continue to infringe Plaintiffs' DRA213 design by advertising the 213Home

design on their website or websites and, on information and belief, other
venues.

285.     Upon information and belief, the infringement of the 213Defendants
against Plaintiffs' DRA213 design is knowing, willful, and intentional.

*General Allegations Regarding DRA213*

286.     Without Plaintiffs' prior knowledge or consent, upon information and
belief, the 213Defendants may have prepared, or induced, caused, or
materially contributed to the preparation of certain architectural drawings
for the construction of the 213Home by copying Plaintiffs' DRA213 design,
and may, by using the DRA213 design, and otherwise induced, caused, or
directed the wrongfully copied DRA213 design to be used or exploited in
the construction of 213Homes.

287.     Upon information and belief, the 213Defendants may have
participated in the infringing activities, including but not limited to the
copying of the DRA213 design, the preparation of the architectural
drawings for 213Homes, the construction of 213Homes, and the sale and
purchase of 213Homes.

288.     Upon information and belief, the 213Defendants had access to the
DRA213 design through a single-use license to construct a home using
the DRA213 drawings that Plaintiffs entered into with T.P. Builders, Inc.

289.     The actions of the 213Defendants violate Plaintiffs' exclusive
copyrights in the DRA213 design, and those actions constitute

infringement of Plaintiffs' copyright of their DRA213 design under 17 USC 106.

290.    Upon information and belief, copyright infringement by the 213Defendants of the accused properties was knowing, willful, and intentional.

291.    The actions of the 213Defendants have caused, and will continue to cause, irreparable damage to Plaintiffs for which there exists no adequate remedy at law.

**COUNT TWELVE**
**As to Plaintiffs' Design DRA316**

292.    Plaintiffs reallege and incorporate by reference Paragraphs 1-291 above.

293.    Design DRA316 is registered with the US Copyright Office under Registration Number VA 1-695-494.

294.    The DRA316 drawings are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States, 17 USC 101 *et seq.*

295.    Plaintiffs are the authors and the current claimants of the copyright in the DRA316 design and drawings. Plaintiffs together possess the exclusive rights described in 17 USC 106 with respect to such copyrights.

296.     Plaintiffs have complied with all respects with the copyright laws of the United States and have secured the exclusive rights and privileges in the DRA316 design and drawings.

297.     Commencing on the first date of publication and continuing thereafter, the DRA316 design and drawings have been published in conformity with the copyright laws of the United States.

298.     The accused properties are:

   a.  5011 Colonial Drive, Guilderland, Albany County, New York;

      i.  The owners of record of the above-referenced property are unknown at this time and are referred to herein as 5011Owners of Record.

   b.  Collectively, the owners of the accused properties are referred to herein as "316Owners."

299.     Jointly and severally, upon information and belief, T.P. Builders, Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G. Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey, C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc., Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C., Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC, Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates, LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith

Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner, Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc., David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., Joseph M. Clark, and the 316Owners (collectively referred to herein as the "316Defendants") designed, engineered, constructed, advertised, sold and purchased homes based on Plaintiffs' DRA316 design (the "316Homes").

300.    The design, engineering, specifications, drawings, and construction of the 316Homes are substantially similar to Plaintiffs' DRA316 design.

301.    The design, the engineering, the specifications and drawings, the construction, the listing and sale, and the purchase for the 316Homes were made by the 316Defendants.

302.    The 316Defendants were, upon information and belief, aware of Plaintiffs' DRA316 design at the time they made the design for the 316Homes, the construction order for the 316Homes, the drawings and specifications for the 316Homes, the construction of the 316Homes, the listings and sales of the 316Homes, and the purchase of the 316Homes.

303.    The infringement of the 316Defendants upon Plaintiffs' DRA316 design was, upon information and belief, knowing, willful, and intentional.

304.    316Owners, upon information and belief, induced the remaining 316Defendants to infringe Plaintiffs' copyright by inducing them to engineer, design, draw, and construct a home based on a design that is substantially similar to Plaintiffs' DRA316 design.

305.     The infringement by 316Owners, upon information and belief, was knowing, willful, and intentional.

*Advertising of DRA316*

306.     The 316Defendants, upon information and belief, may advertise a home plan that is substantially similar to DRA316 on their website or websites and, on information and belief, other venues.

307.     The 316Defendants, upon information and belief, may advertise a home plan for new construction that is substantially similar to DRA316 on their various websites and may, on information and belief, other venues.

308.     The advertised home, upon information and belief, comprises a floor plan design and an exterior elevation that are substantially similar to Plaintiffs' DRA316 design of floor plan and exterior elevation.

309.     Upon information and belief, the 316Defendants were or should have been aware of Plaintiffs' DRA316 design.

310.     Upon information and belief, the 316Defendants infringed and may continue to infringe Plaintiffs' DRA316 design by advertising a home design that is substantially similar to Plaintiffs' DRA316 design on their website or websites and, on information and belief, other venues.

311.     Upon information and belief, the infringement of the 316Defendants against Plaintiffs' DRA316 design is knowing, willful, and intentional.

*General Allegations Regarding DRA316*

312.    Without Plaintiffs' prior knowledge or consent, the 316Defendants

prepared, or induced, caused, or materially contributed to the preparation

of certain architectural drawings for the construction of the accused homes

by copying Plaintiffs' DRA316 design by using the DRA316 design and

otherwise induced, caused, or directed the wrongfully copied DRA316

design to be used or exploited in the construction of the accused

properties.

313.    Upon information and belief, the 316Defendants participated in the

infringing activities, including but not limited to the copying of the DRA316

design, the preparation of the architectural drawings for the accused

properties, the construction of the accused properties, and the sale and

purchase of the accused properties.

314.    Upon information and belief, the 316Defendants had access to the

DRA316 design through a single-use license to construct a home using

the DRA316 drawings that Plaintiffs entered into with T.P. Builders, Inc.

315.    The actions of the 316Defendants violate Plaintiffs' exclusive

copyrights in the DRA316 design, and those actions constitute

infringement of Plaintiffs' copyright of their DRA316 design under 17 USC

106.

316.    Upon information and belief, copyright infringement by the 316Defendants of the accused properties was knowing, willful, and intentional.

317.    The actions of the 316Defendants have caused, and will continue to cause, irreparable damage to Plaintiffs for which there exists no adequate remedy at law.

## DEMAND FOR REMEDIES

WHEREFORE, PLAINTIFFS DEMAND judgment against and relief from Defendants as follows:

### As To All Counts:

1.  A preliminary injunction under 17 USC 502(a) against T.P. Builders, Inc., Thomas Paonessa, Mary Paonessa, CW Custom Builders, LLC, M.G. Healy Builders, Inc., Mikron General Contractors, Inc., Michael G. Healey, C.B. Prime Properties, Inc., Realty USA – Capital District Agency, Inc., Cara Carley, Thomas Marks, Kim Hart, Roxanne K. Heller, Dalton McAdams, DeRaven Design & Drafting, Richard H. Green, P.E., P.C., Richard H. Green, V.S.Sofia Engineering, Sofia Engineering, PLLC, Vincenzo S. Sofia, Saratoga Glen Builders, LLC, Ingalls & Associates, LLP, Keller Williams Realty, Inc., Danielle Enos, Keith Enos, Keith Vinehout, Cicero Building Dev., Inc., Luigi Cicero, Lawrence Warner, Michael Martin, Joseph R. Severence, Creative Drafting Services, Inc.,

David J. Hopper, Shelroc Homes, LLC, Capital Framing, Inc., Joseph M. Clark, and all owners of record ("All Defendants") from copying, preparing derivative works based upon, constructing, marketing, advertising, selling, or purchasing any accused property or any other property that directly or indirectly infringes upon Plaintiffs' designs;

2.  A permanent injunction under 17 USC 502(a) against All Defendants from copying, preparing derivative works based upon, marketing, selling, or purchasing any accused property or otherwise directly or indirectly infringing upon Plaintiffs' designs;

3.  Actual damages under 17 USC 504(b) in the amount of $30,000.00 per defendant, totaling $2.250.000.00 (two million two hundred fifty thousand Dollars), or an amount to be determined by the Court against All Defendants based upon the unauthorized use of Plaintiffs' designs and infringements upon Plaintiffs' copyrights;

4.  Statutory damages under 17 USC 504(c) in the amount of $30,000.00 per defendant, totaling $2,250,000.00 (two million two hundred fifty thousand Dollars), or an amount to be determined by the Court based upon All Defendants' intentional, willful, and knowing copyright infringements;

5.  Trebled damages under 17 USC 504(c)(2) in the amount of $150,000.00 per defendant, totaling $11,250,000.00 (eleven million two hundred fifty thousand Dollars) or an amount to be determined by the Court based upon

the intentional, willful, and knowing copyright infringements of All

Defendants;

6. An award of all reasonable attorneys' fees and costs incurred by Plaintiffs

under 17 USC 505 based upon the infringements of All Defendants;

7. All other legal and equitable relief as the Court may determine to be just

and appropriate.

Dated: <u>8 July 2010</u>                    Respectfully submitted,

**DELAIN LAW OFFICE, PLLC**

By: Nancy Baum Delain, Esq.
NDNY Bar Roll No. 512253
107 N College St.
Schenectady, NY 12305

518-371-4599 voice
518-874-5086 fax

nbdelain@ipattorneyfirm.com
http://www.ipattorneyfirm.com

**VERIFICATION**

STATE OF NEW YORK )
)ss.:
COUNTY OF SARATOGA )

I, James E. Zalewski, the Plaintiff in the above matter, being duly sworn, state that the foregoing Complaint is true to my own knowledge, except for matters alleged to be on information and belief, and as to those matters, I believe them to be true.

Date: 8 July 2010

x _____
James E. Zalewski, Plaintiff

Sworn before me on this 8 July 2010

_____
Nancy Baum Delain
Notary Public

NANCY BAUM DELAIN
REGISTRATION #02DE6106229
SARATOGA COUNTY, NY
COMMISSION EXPIRES MAR. ____

**VERIFICATION**

STATE OF NEW YORK )
)ss.:
COUNTY OF SARATOGA )

I, James E. Zalewski, the president and sole shareholder in Plaintiff Draftics, Ltd. in the above matter, being duly sworn, state that the foregoing Complaint is true to my own knowledge, except for matters alleged to be on information and belief, and as to those matters, I believe them to be true.

FOR DRAFTICS, LTD.

Date: 8 July 2010

x _____
James E. Zalewski, President

Sworn before me on this 8 July 2010

_____
Nancy Baum Delain
Notary Public

NANCY BAUM DELAIN
REGISTRATION #02DE6106229
SARATOGA COUNTY, NY
COMMISSION EXPIRES MAR. ____