**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES E. ZALEWSKI** and **DRAFTICS, LTD.**,

                          **Plaintiffs,**            **1:10-cv-876**
                                                 **(GLS/RFT)**

             **v.**

**T.P. BUILDERS, INC.; THOMAS PAONESSA;**
**ROXANNE K. HELLER; DERAVEN DESIGN &**
**DRAFTING; V.S. SOFIA ENGINEERING;**
**SOFIA ENGINEERING, PLLC; VINCENZO S.**
**SOFIA; CICERO BUILDING DEV., INC.; LUIGI**
**CICERO; SHELROC HOMES, LLC; CAPITAL**
**FRAMING, INC.; JOSEPH M. CLARK; CILLIS**
**BUILDERS, INC.;** and **THEODORE CILLIS III,**

                          **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Delain Law Office, PLLC | NANCY B. DELAIN, ESQ. |
| 107 North College Street | |
| Schenectady, NY 12305 | |
| | |
| **FOR THE DEFENDANTS:** | |
| _T.P. Builders and Thomas Paonessa_ | |
| Schmeiser, Olsen Law Firm | ARLEN L. OLSEN, ESQ. |
| 22 Century Hill Drive, Suite 302 | |
| Latham, NY 12110 | |
| | |
| _Roxanne Heller and DeRaven Design_ | |
| Heslin, Rothenberg Law Firm | ANNETTE I. KAHLER, ESQ. |
| 5 Columbia Circle | CAROLINE B. AHN, ESQ. |
| Albany, NY 12203 | SUSAN E. FARLEY, ESQ. |

*V.S. Sofia Engineering, Sofia*
*Engineering, and Vincenzo Sofia*
Sugarman, Wallace Law Firm                    KEVIN R. VAN DUSER, ESQ.
211 West Jefferson Street                         SAMUEL M. VULCANO, ESQ.
Syracuse, NY 13202

*Shelroc Homes, Capital Framing,*
*and Joseph Clark*
Harris, Beach Law Firm                            JAMES R. MULDOON, ESQ.
One Park Place, 4th Floor
300 South State Street
Syracuse, NY 13202

*Cillis Builders and Theodore Cillis*
DeGraff, Foy Law Firm                             GEORGE J. SZARY, ESQ.
90 State Street
Albany, NY 12207

*Cicero Building Dev. and Luigi Cicero*
NO APPEARANCE

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs James Zalewski and Draftics, Ltd. commenced this action

for copyright infringement under the Copyright Act of 1976[1] against

defendants T.P. Builders, Inc. and Thomas Paonessa (T.P. defendants);

───────────────

[1] 17 U.S.C. § 101, *et seq.*

Roxanne Heller and DeRaven Design & Drafting (DeRaven defendants);

V.S. Sofia Engineering, Sofia Engineering, PLLC, and Vincenzo Sofia

(Sofia defendants); Cicero Building Dev., Inc. and Luigi Cicero (Cicero

defendants); Shelroc Homes, LLC, Capital Framing, Inc., and Joseph Clark

(Shelroc defendants); and Cillis Builders, Inc. and Theodore Cillis (Cillis

defendants).  (*See* 2d Am. Compl., Dkt. No. 60.)  Pending are Shelroc

defendants' motion to dismiss, (Dkt. Nos. 76, 77); T.P. defendants' motions

to dismiss DeRaven defendants' cross-claims, (Dkt. No. 101), and motion

to dismiss or, in the alternative, for summary judgment on plaintiffs' claims,

(Dkt. No. 107); DeRaven defendants' motion to dismiss, (Dkt. No. 104);

Cillis defendants' motion to dismiss, (Dkt. No. 106); and Sofia defendants'

motion to dismiss or, in the alternative, for summary judgment, (Dkt. No.

109).  For the reasons that follow, defendants' motions are granted insofar

as plaintiffs' complaint is dismissed as insufficiently pled, and plaintiffs are

granted limited leave to amend their complaint a third time.

## II. Background

Plaintiff James Zalewski is a building designer who specializes in the

architectural and floor-plan design of residential homes.  (*See* 2d Am.

Compl. ¶ 2, Dkt. No. 60.)  Plaintiff Draftics is a New York corporation, of

which Zalewski is the sole shareholder.  (*See id.* at ¶¶ 3, 26.)  Draftics

develops, drafts, and sells home designs for use in new home construction.

(*See id.* at ¶ 4.)

Between 1994 and 1998, Zalewski made the following home designs:

DRA210; DRA211; DRA212; DRA213; DRA216a; DRA217; DRA218;

DRA219; DRA313; DRA 316; and DRA327.  (*See id.* at ¶ 27.)  According to

Zalewski, at some point he "made one single-use license per design to

[T.P. defendants] to build each of the homes Zalewski designed."  (*Id.* at ¶

28.)  Zalewski ceased doing business with T.P. defendants in 1998.  (*See

id.* at ¶ 33.)  Since then, Zalewski has not made any assignment or transfer

of copyright or "any license to use with any other contractor, builder,

architect, engineer, or home designer."  (*Id.* at ¶¶ 29, 31.)  Nor has

Zalewski entered into any type of agreement with any person or entity

"outside of the normal course of business wherein [they] license their

customers (who are not parties to the present action) to build one (1) house

based on one (1) of [their] designs."  (*Id.* at ¶¶ 30, 32.)

On July 16, 2010, plaintiffs commenced this action, naming ninety

defendants, including the owners of record of numerous homes.  (*See*

Compl., Dkt. No. 1.)  Shortly thereafter, on August 24, 2010, plaintiffs filed

an amended complaint to add an additional defendant.  (*See* Am. Compl.,

Dkt. No. 11.)  Acting on the court's advice, plaintiffs stipulated to the

dismissal of all but the T.P. defendants, DeRaven defendants, Sofia

defendants, Cicero defendants, and Shelroc defendants.  (*See* Dkt. Nos.

47, 51, 52, 53, 56, 61, 64, 68, 85.)  Plaintiffs subsequently filed a second

amended complaint, which additionally included Cillis defendants.  (*See* 2d

Am. Compl., Dkt. No. 60.)

     With minimal detail, plaintiffs allege that after successfully registering

copyrights of their original home designs, (*see id.* at ¶¶ 35-38), the

defendants unlawfully infringed on these designs.  Plaintiffs seek (1)

preliminary and permanent injunctive relief against all defendants; (2)

actual damages under 17 U.S.C. § 504(b) for each infringement; (3)

statutory damages under § 504(c) for each qualifying infringement; (4)

treble damages under § 504(c)(2) for each qualifying infringement; and (5)

attorneys' fees and costs under § 505.  (*See id.* at 22-23.)

     In the first cause of action, plaintiffs allege that T.P. defendants

currently advertise homes that are being constructed or can be built in

accordance with DRA210, DRA211, DRA212, DRA216a, DRA217, and

DRA313.  (*See id.* at ¶¶ 42-44.)  Similarly, plaintiffs allege that Cicero

5

defendants are advertising to build homes in accordance with DRA217 on the lots available in the "Kaleen Manor" development.  (*See id.* at ¶ 45.)

As to the second cause of action, plaintiffs allege that, in reliance on the DRA211 design, Cicero defendants constructed and Sofia defendants designed and drew plans for a home constructed at 9 Kaleen Drive, Ballston Spa, New York.  (*See id.* at ¶ 52.)  According to plaintiffs, Cicero defendants and Sofia defendants "were, upon information and belief, aware of [his] DRA211 design at the time they made the designs[,] drawings[,] and specifications for ... and [began] construction of the [DRA211 home]." (*Id.* at ¶ 55.)  In like conclusory fashion, plaintiffs allege that Cicero defendants and Sofia defendants had access to the DRA211 design through the T.P. defendants' single-use license, and that they knowingly, willfully, and intentionally participated in the infringing activities.  (*See id.* at ¶¶ 56-59.)

In the third cause of action, plaintiffs allege that, based on the DRA212 design, Cillis defendants constructed and DeRaven defendants made the drawings for a home constructed at 11 Nicole Court, Clifton Park, New York.  (*See id.* at ¶ 68.)  Like the second cause of action, plaintiffs allege that Cillis defendants and DeRaven defendants, "were, upon

6

information and belief, aware of [his] DRA212 design at the time they made

the design and the construction of the [DRA212 home]." (*Id.* at ¶¶ 72-73.)

According to plaintiffs, Cillis defendants and DeRaven defendants had

access to the DRA212 design because Thomas Cillis had received a copy

of the design from Zalewski, whereby Cillis and DeRaven defendants

copied the DRA212 design in preparing the architectural drawings and

constructing the DRA212 home.  (*See id.* at ¶¶ 74-76.)  And again, plaintiffs

conclusorily allege that Cillis defendants and DeRaven defendants

knowingly, willfully, and intentionally participated in the infringing activities.

(*See id.* at ¶ 78.)  But unlike the second cause of action, plaintiffs allege

that construction of the DRA212 home commenced after Zalewski obtained

copyright protection of the DRA212 design.  (*See id.* at ¶ 68.)

Plaintiffs' fourth and fifth causes of action largely mirror the second.

In the fourth cause of action, plaintiffs allege that T.P. defendants, Shelroc

defendants, and DeRaven defendants "[j]ointly and severally, upon

information and belief," designed and constructed two homes based on the

DRA217 design, the first located at 24 Arch Street, Albany, New York, and

the second at 4186 Albany Street, Albany.  (*Id.* at ¶¶ 87-97.)  In the fifth

cause of action, plaintiffs allege that, using the DRA210 design, DeRaven

7

defendants made the drawings for and T.P. defendants are currently

constructing a home at 23A Thoroughbred Circle, Bethlehem, New York.

(*See id.* at ¶¶ 106-13.)

On November 19, 2010, Shelroc defendants filed a motion to dismiss,

asserting, among other things, that plaintiffs' claims are barred under the

three-year statute of limitations set forth by 17 U.S.C. § 507(b).  (*See*

Shelroc Defs. Mem. of Law at 5-7, Dkt. No. 76:6.)  Presented with obvious

questions regarding when plaintiffs' causes of action accrued, and

forecasting a flurry of motions to dismiss from the other defendants,

Magistrate Judge Randolf F. Treece ordered that Zalewski submit to a

deposition limited to the accrual issue.  (*See* Dec. 7, 2010 Order, Dkt. No.

83.)  On December 22, 2010, Zalewski participated in a pre-discovery

deposition.  (*See* Delain Jan. 2, 2011 Letter, Dkt. No. 90.)  As expected,

DeRaven defendants, Cillis defendants, T.P. defendants, and Sofia

defendants then moved on Zalewski's claims.  (Dkt. Nos. 104, 106, 107,

109.)  T.P. defendants also moved to dismiss DeRaven defendants' cross-

claims.  (Dkt. No. 101.)

### III.  <u>Standards of Review</u>

The standards of review under the Federal Rules of Civil Procedure

12(b)(6) and 56 are well established and will not be repeated here.  For a full discussion of the standards, the court refers the parties to its previous opinions in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 217-18 (N.D.N.Y. 2010) (Rule 12(b)(6)); and *Bain v. Town of Argyle*, 499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007) (Rule 56).

In bringing a copyright infringement action, the courts in the Second Circuit are generally in agreement that a heightened pleading standard must be met.  To sufficiently plead a copyright infringement claim, a plaintiff must allege: "(1) which specific original works are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Plunket v. Doyle*, No. 99 Civ. 11006, 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) (citing, inter alia, *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)); *see also Jacobs v. Carnival Corp.*, No. 06 Civ. 0606, 2009 WL 856637, at *4 (S.D.N.Y. Mar. 25, 2009); *Krasselt v. Joseph E. Seagram & Sons, Inc.*, No. 01 CV 2821, 2002 WL 1997926, at *1 (S.D.N.Y. Aug. 29, 2002); *In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 94 F.R.D. 105, 108 (D. Nev. 1982); *Gee v. CBS, Inc.*,

471 F. Supp. 600, 643 (E.D. Pa. 1979).  At a minimum, "a plaintiff [must] plead with specificity the acts by which a defendant has committed copyright infringement."  *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000).

Rule 15(a) provides that where a party seeks to amend his pleading before trial, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  "A motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (internal quotation marks and citation omitted).  "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  *Dougherty v. Town of N. Hempstead*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted).  Accordingly, where the plaintiff submits a proposed amended complaint, "the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted."  *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).  However, the court "should not deny leave to file a proposed amended complaint ... unless it appears

10

beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief ...." *Id.* (internal quotation marks and

citation omitted).

## IV.  Discussion

At the threshold, the court is faced with several preliminary legal and

procedural issues that must be resolved before this case can move

forward.  While these issues are specific to an action sounding in copyright

infringement, they largely are a result of the manner in which plaintiffs have

pursued this action.  Particularly concerning is the fact that (1) over

seventy-five defendants—many of whom were clearly not amenable to

suit—have been dismissed from this action, (2) plaintiffs have already been

given two opportunities to amend their complaint, and (3) plaintiffs continue

to provide facially insufficient allegations and seek relief that is clearly

unavailable under federal law.  Stressing the continued insufficiency of

plaintiffs' pleadings, defendants contend that the second amended

complaint fails to meet the heightened specificity standard required in

copyright infringement actions under FED. R. CIV. P. 8.  (*See* Shelroc Defs.

Mem. of Law at 3-5, Dkt. No. 76:6; DeRaven Defs. Mem. of Law at 13-14,

Dkt. No. 104:1; Cillis Defs. Mem. of Law at 4-7, Dkt. No. 106:9; T.P. Defs.

Mem. of Law at 5-6, Dkt. No. 107:1; Sofia Defs. Mem. of Law at 9-10, Dkt.

No. 109:6.)  In response, plaintiffs counter that they should not be held to a

heightened pleading requirement, but that if a heightened standard is found

to apply, the complaint satisfies—or can be amended to satisfy—such a

standard.  (*See* Pls. Resp. Mem. of Law at 7-11, Dkt. No. 89:1; Pls. 2d

Resp. Mem. of Law at 14-23, Dkt. No. 122.)

     The court fully concurs with defendants that plaintiffs' second

amended complaint is woefully underpled.[2]  *See Salahuddin v. Cuomo*, 861

F.2d 40, 42 (2d Cir. 1988) ("Dismissal ... is usually reserved for those

cases in which the complaint is so confused, ambiguous, vague, or

otherwise unintelligible that its true substance, if any, is well disguised."

(citation omitted)).  Nonetheless, the court will afford plaintiffs one more

opportunity to amend their complaint in full compliance with the above-

articulated pleading standards.  Additionally, the court offers the following

guiding principles and directives.

     First, plaintiffs are advised that "an amended complaint supersedes

_____

     [2]Insofar as plaintiffs contend that a heightened pleading standard is not appropriate in
copyright cases, the court highlights plaintiffs' second amended complaint as a perfect
example of why a heightened pleading standard is both appropriate and necessary.  Because
the complaint wholly fails to enable the court to evaluate the claims under the motion to
dismiss framework, there can be no question that the complaint equally fails to provide the
defendants with any meaningful notice of those claims.

the original complaint," *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 129

S.Ct. 1109, 1122 n.4 (2009) (citation omitted), and "renders it of no legal

effect," *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668-69 (2d Cir. 1977)

(citations omitted).  Consequently, the court will not consider any of the

allegations contained in plaintiffs' three prior complaints in future motion

practice.  Moreover, should plaintiffs wish to have any documents attached

as exhibits to the complaint, those exhibits must be filed with the newly

amended complaint; any already filed exhibits will not relate forward.  And

having reviewed the myriad exhibits filed with the original complaint, (*see*

Dkt. Nos. 1:1-83), the court warns plaintiffs that any future filings must be

clearly labeled and germane to the action and allegations in the complaint.

"The [c]ourt will not search through [the] documents looking for evidence

...."  *W. Supreme Buddha Ass'n Inc. v. Oasis World Peace & Health*

*Found.*, No. 08-CV-1374, 2010 WL 3488134, at *1 (N.D.N.Y. Aug. 30,

2010).  Nor will the court permit a dump of irrelevant documents into the

record.

Second, the court is highly skeptical of whether plaintiffs have an

adequate factual basis to establish each defendant's actual involvement

and susceptibility to suit.  *See Peter F. Gaito Architecture, LLC v. Simone*

*Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010); *Hamil Am. Inc. v. GFI*, 193 F.3d

92, 99-100 (2d Cir. 1999); *Innovative Networks, Inc. v. Young*, 978 F.

Supp. 167, 176 (S.D.N.Y. 1997); *Demetriades v. Kaufmann*, 680 F. Supp.

658, 664 (S.D.N.Y. 1988).  The court will not accept conclusory allegations,

conjecture, or vague group pleading to serve as a basis for liability.  The

same goes for the relief and damages sought.  In particular, while the

request for injunctive relief currently stands on what appears to be infertile

ground, the record evidences few—if any—bases for the statutory and

treble damages and attorneys' fees sought by plaintiffs.[3]

Third, as to the issues regarding accrual under the statute of

limitations, the court can only provide some legal observations.  There is no

dispute that civil actions brought pursuant to the Copyright Act are subject

to a three-year statute of limitations, which precludes any action "unless it

is commenced within three years after the claim accrued."  17 U.S.C. §

507(b); *see also Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996).

However, the parties ardently dispute the scope of the term "accrued"

---

[3]In their response papers, plaintiffs essentially admit that various aspects of their relief demands are not actually available.  (*See* Pls. Resp. Mem. of Law at 18-19, Dkt. No. 89:1.)  However, plaintiffs argue that it is defendants who "misconstrued" the complaint to assert any unavailable demands.  (*See id.*)  Again, it is not the defendants' misconstruction but rather the plaintiffs' poor draftsmanship that has given rise to the current problems.

under the statute.  Plaintiffs contend that accrual is governed by the

"discovery rule," such that a copyright claim begins to accrue when the

plaintiff "knows or has reason to know of the injury upon which the claim is

premised."  *Merchant*, 92 F.3d at 56 (citation omitted).  Defendants, on the

other hand, contend that the "injury rule" applies, whereby a claim accrues

at the time of the infringement.  Defendants' contention is based principally

on the Supreme Court's decision in *TRW Inc. v. Andrews*, 534 U.S. 19

(2001), and derivatively on a line of decisions that have emerged from the

Southern District of New York.

   Historically, operating under a presumption that the discovery rule

applies "when a statute is silent on the issue," federal courts have generally

followed the discovery rule in the copyright context.  *See, e.g.*, *Stone v.*

*Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992); *Lyons P'ship, L.P. v. Morris*

*Costumes, Inc.*, 243 F.3d 789, 796 (4th Cir. 2001); *Daboub v. Gibbons*, 42

F.3d 285, 291 (5th Cir. 1995); *Zurick v. First Am. Title Ins. Co.*, 833 F.2d

233, 234-35 (10th Cir. 1987).  In 2001, however, the Supreme

Court—without deciding whether and to what extent the discovery rule

presumption still endures—found it erroneous to imply a general discovery

rule into the Fair Credit Reporting Act's statute of limitations where the

statute's text and structure "evince[d] Congress'[s] intent to preclude judicial implication of a discovery rule" by, inter alia, expressly providing a more limited discovery rule exception.  *See TRW*, 534 U.S. at 27-28, 33.

Following the *TRW* decision, several Circuit Courts continued to apply the discovery rule in copyright cases without addressing *TRW*'s applicability.  *See, e.g.*, *Comcast of Ill. X v. Multi-Vision Elecs., Inc.*, 491 F.3d 938, 944 (8th Cir. 2007); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706-07 (9th Cir. 2004); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004); *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004); *cf. Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) ("A federal court generally employs the 'discovery rule' ...." (citation omitted)).  Not surprisingly, it was the district courts that began confronting the interplay of § 507(b) and *TRW*, with the majority finding that the discovery rule still applies in copyright infringement cases.  *See, e.g.*, *Frank Betz Assocs., Inc. v. J.O. Clark Constr., LLC*, No. 3-08-0159, 2009 WL 47143, at *1-2 (M.D. Tenn. Jan. 7, 2009); *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1286 (M.D. Fla. 2008); *Home Design Servs., Inc. v. B&B Custom Homes, LLC*, 509 F. Supp. 2d 968, 972 (D. Colo. 2007); *Crane Design, Inc. v. Pac. Coast Constr., LLC*, No. C05-251, 2006 WL

16

692019, at *4 (W.D. Wash. Mar. 17, 2006).  The courts of the Southern

District of New York, on the other hand, generally found that the legislative

history of § 507(b) demonstrated that "Congress intended to adopt a three-

year limitations period running from the date of the infringement."  *See*

*Auscape Int'l v. Nat'l Geographic Soc'y*, 409 F. Supp. 2d 235, 244-47

(S.D.N.Y. 2004); *see also Harris v. Simon & Schuster, Inc.*, 646 F. Supp.

2d 622, 630 (S.D.N.Y. 2009); *Broadvision Inc. v. Gen. Elec. Co.*, No. 08

Civ. 1478, 2009 WL 1392059, at *6 (S.D.N.Y. May 5, 2009); *Med. Ecuc.*

*Dev. Servs., Inc. v. Reed Elsevier Grp., PLC*, No. 05 Civ. 8665, 2008 WL

4449412, at *10 (S.D.N.Y. Sept. 30, 2008); *Vasquez v. Torres-Negron*, No.

06 Civ. 619, 2007 WL 2244784, at *5-7 (S.D.N.Y. July 11, 2007); *Roberts*

*v. Keith*, No. 04 Civ. 10079, 2006 WL 547252, at *2-4 (S.D.N.Y. Mar. 7,

2006).  In *C.A. Inc. v. Rocket Software, Inc.*, the Eastern District of New

York followed suit, holding that a copyright "claim accrues with the act of

infringement."  579 F. Supp. 2d 355, 360 (E.D.N.Y. 2008).  Thus, the

district courts in the Second Circuit who have grappled with *TRW*'s impact

on § 507(b) have embraced what can best be described as the minority

approach.  This court, however, is reluctant to do the same.

Although the *Auscape* decision—exhaustive and well reasoned as it

17

is—is persuasive, this court finds the Third Circuit's opinion in *William A. Graham Co. v. Haughey* convincingly so.  *See* 568 F.3d 425 (3d Cir. 2009). Most importantly, as to civil copyright claims, the discovery rule best comports with the text and structure of the Copyright Act.  *See id.* at 434-35.  Specifically, a comparison of the Act's criminal limitations period, which begins to run when the "cause of action arose" and therefore embodies the injury rule, 17 U.S.C. § 507(a), with the Act's civil limitations period, which begins to run when "the claim accrued," *id.* § 507(b), dictates that the term "accrued" carries a meaning different from "arose" and therefore embodies a different rule, namely the discovery rule.  *See Haughey*, 568 F.3d at 434-35.  Moreover, while the *Auscape* court points out that Congress's consideration of a statutory exception for fraudulent concealment implicitly demonstrates that Congress intended for accrual to occur at the time of the infringement, since a discovery rule would render a fraudulent concealment exception "superfluous," *Auscape*, 579 F. Supp. 2d at 246-47, the *Haughey* court highlights "the important fact ... that Congress rejected inclusion of any statutory exceptions to the statute of limitations period," *Haughey*, 568 F.3d at 436.  And despite the policy interest in achieving national consistency with a bright-line rule, the court shares the Third Circuit's

18

concern that certain types of infringement may not constitute truly "public acts" that are readily subject to detection.  *See id.* at 437.

In sum, notwithstanding the court's receptiveness to the discovery rule's continued viability,[4] plaintiffs are advised to reevaluate their case, the basis for their claims, and their manner of execution.  And the court warns plaintiffs that any further failure to adhere to the above-outlined directives will not be tolerated.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motions to dismiss (Dkt. Nos. 76, 77, 101, 104, 106, 107, 109) are **GRANTED** to the extent that plaintiffs' complaint is **DISMISSED** for failure to meet the pleading requirements under FED. R. CIV. P. 8; and it is further

**ORDERED** that defendants' motions are otherwise **DENIED**; and it is further

**ORDERED** that plaintiffs are **GRANTED** leave to file a third amended

---

[4]The court's discussion of accrual under § 507(b) is simply that, a discussion, and should not be interpreted to cut off future argument on the issue or otherwise preclude the parties from attempting to modify the court's viewpoint.  Nor should the court's observations be interpreted to relieve plaintiffs of their burden to adequately plead their causes of action.

complaint, in full compliance with the terms of this Order, **within thirty (30) days** from the date of the filing of this Order, after which defendants may renew or supplement their motions, or otherwise respond to the complaint as permitted under the Federal Rules of Civil Procedure; and it is further

ORDERED that if plaintiffs fail to file an amended complaint **within thirty (30) days** from the date of the filing of this Order, the Clerk of the Court shall enter judgment dismissing this action without further order of the court; and it is further

ORDERED that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 2, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge