**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES E. ZALEWSKI and DRAFTICS, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> T.P. BUILDERS, INC.; THOMAS PAONESSA; ROXANNE K. HELLER d/b/a DERAVEN DESIGN & DRAFTING; VINCENZO S.SOFIA d/b/a V.S. SOFIA ENGINEERING; CICERO BUILDING DEV., INC.; LUIGI CICERO; SHELROC HOMES, LLC; CAPITAL FRAMING, INC.; JOSEPH M. CLARK; CILLIS BUILDERS, INC.; and THEODORE CILLIS III, <br><br> Defendants | Civil Action No. <br> 1:10-cv-876 (GLS/RFT) <br><br><br> **JURY TRIAL DEMANDED** |

## THIRD AMENDED COMPLAINT

Plaintiffs James E. Zalewski And Draftics, Ltd. (collectively herein "Plaintiffs"), by and through their attorneys, Lee Palmateer Law Office LLC, as and for their Complaint against Defendants, allege the following:

### The Parties

1.      Plaintiff James E. Zalewski (hereinafter "J. Zalewski") is an individual residing and at 26 Valleyview Avenue, Schenectady, Schenectady County, New York 12306.

2.      Plaintiff Draftics, Ltd. (hereinafter "Draftics") is a corporation organized under the laws of the State of New York having its principal place of business at 26 Valleyview Avenue, Schenectady, New York 12306.

3.      Upon information and belief, Defendant T.P. Builders, Inc. (hereinafter "T.P. Builders") is a New York corporation with a principal place of business at 31 Pine St., Albany, New York, 12203.

4.      Upon information and belief, Defendant Thomas Paonessa (hereinafter "T. Paonessa") is an individual residing at 31 Pine St., Albany, New York, 12203.

5.      Upon information and belief, Defendant Shelroc Homes, LLC (hereinafter "Shelroc") is a New York Limited Liability Company with a principal place of business at 4 Walker Way, Albany, New York 12205.

6.      Upon information and belief, Defendant Joseph M. Clark (hereinafter "J. Clark") is an individual with a principal place of business is at 4 Walker Way, Albany, New York 12205.

7.      Upon information and belief, Defendant Capital Framing, Inc. (hereinafter "Capital Framing") is a New York corporation with a principal place of business at 4 Walker Way, Albany, New York 12205.

8.      Upon information and belief, Defendant Roxanne K. Heller (hereinafter "R. Heller") is an individual residing at 83 Oakdale Ave., Schenectady, New York 12306 and doing business under the assumed name DeRaven Design & Drafting (hereinafter "DeRaven") as a sole proprietorship with a principal place of business at 321 Delaware Ave., Delmar, New York 12054.

9.      Upon information and belief, Defendant Vincenzo S. Sofia (hereinafter "V. Sofia") is an individual residing at 7 Lorna Lane, Loudonville, New York 12211 and doing business under the assumed name V.S. Sofia Engineering (hereinafter "Sofia Engineering") as a sole proprietorship with a principal place of business at 7 Lorna Lane, Loudonville, New York 12211.

10.     Upon information and belief, Defendant Cicero Builder Dev. Inc. (hereinafter "Cicero Builder") is a New York corporation with a principal place of business at 952 Sterling Ridge Drive, Rensselaer, New York 12184.

11.     Upon information and belief, Defendant Luigi Cicero (hereinafter "L. Cicero") is an individual residing at 952 Sterling Ridge Drive, Rensselaer, New York 12184.

12.     Upon information and belief, Defendant Cillis Builders, Inc. (hereinafter "Cillis Builders") is a New York Corporation with a principal place of business at 88 Newton Street, Albany, New York 12205.

13.     Upon information and belief, Defendant Theodore Cillis, III (hereinafter "T. Cillis") is an individual residing at 38 West Glenwood Drive, Latham, New York 12118.

## Jurisdiction and Venue

14.     This is an action for copyright infringement arising under the copyright laws of the United States as set forth in 17 U.S.C. §§ 501, et seq.

15.     This Court has subject matter jurisdiction of this action under 28 U.S.C. §§1331, and 1338.

16.     Venue is based upon 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## Background

17.     J. Zalewski has a Bachelors Degree in Chemical Engineering, is a seasoned and highly respected professional draftsman and home designer, and has been the President, sole shareholder, and draftsman for Draftics since Draftics was founded.

18.     Plaintiffs are in the business of designing specifically-commissioned custom homes and home additions.  Plaintiffs are also in the business of designing and drafting original, creative and unique stock home plans, including the copyrighted works that are the subject of this action, which are then marketed for multiple sales to many prospective customers.

19.     Plaintiffs have been a pioneering influence in the home design business in the greater Albany, New York region for almost 25 years, including being first among designers in

the region to employ computer-aided design technology and to design, market and sell original stock home plans.

20.     Each home built according to one of Plaintiffs' designs generates business and income for Plaintiffs in the form of payment for the home plan and for design services necessary to customize the plan for each home buyer's particular needs.

21.     Therefore, each one of Plaintiffs' designs and copyrights are extremely valuable proprietary assets.

## **Copyrights-in-Suit**

22.     In the early and mid-1990's, Plaintiffs created the DRA210, DRA211, DRA 212, DRA 216, DRA217 and DRA313 home designs that are the subject of this action.

23.     Copyright registration number VA 1-696-657 was issued to Plaintiffs on October 14, 2009 for architectural work titled DRAFTICS, LTD. - HOME PLAN - #DRA210 (hereinafter "DRA210") authored by Plaintiffs in 1994.  A copy of the registration is annexed hereto as Exhibit "A".

24.     Copyright registration number VA 1-696-670 was issued to Plaintiffs on October 14, 2009 for architectural work titled DRAFTICS, LTD. - HOME PLAN - #DRA211 (hereinafter "DRA211") authored by Plaintiffs in 1994.  A copy of the registration is annexed hereto as Exhibit "B".

25.     Copyright registration number VA 1-696-661 was issued to Plaintiffs on October 14, 2009 for architectural work titled DRAFTICS, LTD. - HOME PLAN - #DRA212 (hereinafter "DRA212") authored by Plaintiffs in 1994.  A copy of the registration is annexed hereto as Exhibit "C".

26.     Copyright registration number VAu 1-001-671 was issued to Plaintiffs on November 13, 2007 for architectural work titled DRAFTICS, LTD. - HOME PLAN - #DRA216a (hereinafter "DRA216") authored by Plaintiffs in 1996.  A copy of the registration is annexed hereto as Exhibit "D".

27.     Copyright registration number VAu 1-001-672 was issued to Plaintiffs on November 13, 2007 for technical drawings titled DRAFTICS, LTD. - HOME PLAN - #DRA216a authored by Plaintiffs in 1996.  A copy of the registration is annexed hereto as Exhibit "E".

28.     Copyright registration number VA 1-696-666 was issued to Plaintiffs on October 14, 2009 for architectural work titled DRAFTICS, LTD. - HOME PLAN - #DRA217 (hereinafter "DRA217") authored by Plaintiffs in 1997.  A copy of the registration is annexed hereto as Exhibit "F".

29.     Copyright registration number VA 1-696-662 was issued to Plaintiffs on October 14, 2009 for architectural work titled DRAFTICS, LTD. - HOME PLAN - #DRA313 (hereinafter "DRA313") authored by Plaintiffs in 1996.  A copy of the registration is annexed hereto as Exhibit "G".

30.     DRA210 DRA211, DRA212, DRA216, DRA217 and DRA313 are each original works of authorship by Plaintiffs, having original features including but not limited to the selection, size, shape and particular features of rooms; the relative position and proportion of rooms and other architectural features; the overall size, shape and silhouette of the exterior architectural features; the floor plans, the elevation views of the copyrighted works, the arrangement and composition of spaces and architectural features of the works; the selection,

coordination, and arrangement of rooms, windows, doors, closets, stairs and other interior and exterior architectural features.

## Accrual of Claims

31.     On or about September 4, 2009, Plaintiffs were contacted by a designer and former employee of Draftics, who informed Plaintiffs that T. Paonessa showed him house plans with DeRaven's name in the title block and requested him to prepare new drawings based on the DeRaven plans.  The former employee recognized the plans as being one of Plaintiffs' designs, so he contacted Plaintiffs to alert them of the infringement and intended infringement of their copyrights.  Thereafter, Plaintiffs began investigations and, over the ensuing several months, discovered the transactions alleged herein that gave rise to this action.  Plaintiffs' claims accrued no earlier than September 4, 2009.

## CLAIMS FOR RELIEF

## COUNT I

(Copyright Infringement of architectural works DRA210, DRA211, DRA217 and DRA313 against T.P. Builders, T. Paonessa, R. Heller d/b/a DeRaven Design & Drafting)

32.     Plaintiffs repeat the allegations in Paragraphs 1 through 31 hereof as if set forth fully here.

33.     Defendants Thomas Paonessa T. Paonessa and T.P. Builders are in the business of residential real estate development, including the sale of building lots and new home construction.

34.     Upon information and belief, T. Paonessa is the President, Chief Executive Officer and majority shareholder of T.P. Builders.

35.     Upon information and belief, DeRaven is a sole proprietorship of R. Heller and is in the business of providing drafting services including the preparation of architectural plans and drawings for homes.

36.     Upon information and belief, T. Paonessa and T.P. Builders advertise and offer for sale a selection of home designs, and build designs selected by their customers.

37.     In virtually every home sale, the customer requires design customizations to suit his or her particular needs and preferences; municipal building departments require building plans to be submitted with each building permit; and, upon information and belief, T. Paonessa and T.P. Builders typically engage the services of professional draftspersons to prepare the necessary plans and plan revisions.

38.     Plaintiffs provided T. Paonessa and T.P. Builders with copies of the DRA210, DRA211and DRA212 architectural plans and drawings in or about 1994, the DRA217 plans and drawings in or about 1997, and the DRA313 plans and drawings in or about 1996.

39.     The DRA210, DRA211, DRA217 and DRA313 architectural plans and drawings were marked with  copyright notices, and T. Paonessa and T.P. Builders knew that Plaintiffs owned the copyrights to said plans and drawings.

40.     Plaintiffs authorized T. Paonessa and T.P. Builders to advertise each design to prospective customers on the strict condition, understanding and agreement that Plaintiffs' copyright notice must be included on all drawings and advertisements; that all plans and drawings must be separately purchased from Draftics for each home sale; that only Draftics could sell, reproduce, and/or revise the plans or drawings; and that Plaintiffs retained all copyrights to the plans and drawings.

41.     During the period of approximately 1993 through 1998, T. Paonessa and T.P. Builders advertised Plaintiffs' designs and included Plaintiffs' copyright notices on the advertisements; sold several houses that were built according to Plaintiffs' designs; and used Plaintiffs' drafting services to prepare drawings for those houses.

42.     In or about 1998, T. Paonessa and T.P. Builders ceased using Plaintiffs' services, and all of their subsequent advertising, offering for sale, sale and construction of the DRA210, DRA211, DRA217 and DRA313 home designs was unauthorized.

43.     Upon information and belief, during at least the period of about 2003 through 2010, T. Paonessa and T.P. Builders sold lots at the following locations, filed Building Permit applications and building plans with the local municipality on or about the date indicated, and subsequently built homes on the lots for its customers:

      a.  37 Jo Ann Ct., Albany, NY; application October 27, 2003

      b.  10 Peachtree Lane, Albany, NY; application November 7, 2003

      c.  6 Peachtree Lane, Albany, NY; application October 25, 2004

      d.  1 Peachtree Lane, Albany, NY; application June 14, 2004

      e.  5 Peachtree Lane, Albany, NY; application July 13, 2004

      f.  16 Peachtree Lane, Albany, NY; application August 20, 2004

      g.  14 Peachtree Lane, Albany, NY; application July 19, 2004

      h.  35 Jo Ann Ct., Albany, NY; application January 24, 2005

      i.  24 Arch Ave., Albany, NY; application May 12, 2006

      j.  23 Thoroughbred Circle, Bethlehem, NY; application June 17, 2010.

44.     Upon information and belief, shortly before the application date for each home identified above, T. Paonessa and T.P. Builders provided DeRaven with copies of Plaintiffs'

DRA210, DRA211, DRA217 and DRA313 architectural plans and drawings, and requested DeRaven to reproduce and customize the drawings.

45.     Upon information and belief, in each case, T. Paonessa and T.P. Builders received design change requests from their customers, and conveyed to DeRaven the specific design changes and requested DeRaven to make the necessary drawing changes.

46.     Upon information and belief, DeRaven reproduced and customized Plaintiffs' plans and drawings in accordance with T. Paonessa's and T.P. Builders' instructions, and provided copies of the plans and drawings to T. Paonessa and T.P. Builders on or about the dates listed below:

       a.  37 Jo Ann Ct., Albany, NY; drawing date September 26, 2003

       b.  10 Peachtree Lane, Albany, NY; drawing date October 21, 2003

       c.  6 Peachtree Lane, Albany, NY; drawing date October 14, 2004

       d.  1 Peachtree Lane, Albany, NY; drawing date May 19, 2004

       e.  5 Peachtree Lane, Albany, NY; drawing date June 25, 2004

       f.  16 Peachtree Lane, Albany, NY; drawing date August 4, 2004

       g.  14 Peachtree Lane, Albany, NY; drawing date July 8, 2004

       h.  35 Jo Ann Ct., Albany, NY; drawing date December 17, 2004

       i.  24 Arch Ave., Albany, NY; drawing date May 4, 2006

       j.  23 Thoroughbred Circle, Bethlehem, NY; drawing date June 6, 2010.

47.     Upon information and belief, R. Heller personally prepared at least the drawings for 6 Peachtree Lane and 23 Thoroughbred Circle.

48.     The houses identified above located at 14 Peachtree Lane, 35 Jo Ann Ct., and 23 Thoroughbred Circle and the drawings prepared for those houses are unauthorized copies of,

derivative of, and are substantially similar to the DRA210 architectural work, including

Elevation #2 and Floor Plan DRA210c.

49.     The houses identified above located at 1 Peachtree Lane, 6 Peachtree Lane, and

16 Peachtree Lane and the drawings prepared for those houses are unauthorized copies of,

derivative of, and are substantially similar to the DRA211 architectural work, including

Elevations #3 and #4 and Floor Plan DRA211c.

50.     The houses identified above located at 24 Arch Ave., 10 Peachtree Lane, and 37

Jo Ann Ct. and the drawings prepared for those houses are unauthorized copies of, derivative of,

and are substantially similar to the DRA217 architectural work, including Elevation #1 and Floor

Plan DRA217.

51.     The house identified above located at 5 Peachtree Lane and the drawings prepared

for those houses are unauthorized copies of, derivative of, and are substantially similar to the

DRA313 architectural work, including Elevation and Floor Plan DRA313c.

52.     As to each home in issue, the infringing drawings and infringing homes copy the

overall form, look and feel of the copyrighted works, the floor plans of the copyrighted works,

the elevation views of the copyrighted works, the arrangement and composition of spaces and

architectural features of the copyrighted works, the selection, coordination, and arrangement of

rooms, windows, doors, closets, stairs and other interior and exterior architectural features of the

copyrighted works, and include literal copying of substantial portions of the copyrighted works.

53.     Upon information and belief, DeRaven knew that T. Paonessa and T.P. Builders

intended to and did use the infringing drawings to build homes, and needed the drawings in order

to build the homes and to obtain necessary building permits.

54. Upon information and belief, DeRaven prepared the drawings by copying Plaintiffs' copyrighted architectural works.

55. Upon information and belief, DeRaven received compensation for preparing the drawings.

56. The foregoing alleged conduct of T. Paonessa, T.P. Builders, and DeRaven was without Plaintiffs' knowledge or authorization.

57. The foregoing conduct, including but not limited to construction of infringing houses constitutes direct copyright infringement of the architectural works by T. Paonessa and T.P. Builders, and their participation in and inducement of DeRaven's preparation of infringing drawings constitutes direct copyright infringement, contributory copyright infringement, and inducement to infringe by T. Paonessa and T.P. Builders.

58. The foregoing conduct, including but not limited to DeRaven's preparation of infringing drawings constitutes direct copyright infringement of the architectural works, and its contribution of those drawings to T.P. Builders to construct infringing homes constitutes contributory copyright infringement, and inducement to infringe by DeRaven.

59. Upon information and belief, T. Paonessa, T.P. Builders and DeRaven's infringing conduct is ongoing.

60. Upon information and belief, T. Paonessa derives substantial income from T.P. Builders' business and derived income from and had a direct financial interest in T.P. Builders' conduct giving rise to this action.

61. Defendant T. Paonessa has dominion and control over all business decisions and conduct of T.P. Builders, including T.P. Builders' decisions and conduct alleged in this Complaint.

62.     Upon information and belief, T. Paonessa personally participated in, supervised and had knowledge of each and every action alleged in this Complaint to have been undertaken by T.P. Builders and caused T.P. Builders to take those actions.

63.     As sole proprietor, R. Heller is one and the same legal entity as her sole proprietorship DeRaven Design & Drafting and she personally bears all liability for the actions taken under the name of the sole proprietorship giving rise to this action.

64.     Upon information and belief, R. Heller derives substantial income from DeRaven's business and derived income from and had a direct financial interest in DeRaven's conduct giving rise to this action.

65.     Defendant R. Heller has dominion and control over all business decisions and conduct of DeRaven, including the decisions and conduct alleged in this Complaint to have been undertaken by DeRaven.

66.     Upon information and belief, R. Heller personally participated in, supervised and had knowledge of each and every action alleged in this Complaint to have been undertaken by DeRaven and caused DeRaven to take those actions.

67.     T. Paonessa is vicariously liable for T.P. Builders' copyright infringement, T. Paonessa and T.P. Builders are vicariously liable for DeRaven's copyright infringement, and R. Heller is vicariously liable for DeRaven's copyright infringement.

68.     Defendants' infringement has been knowing and willful.

69.     Defendants' infringement has damaged and will continue to damage Plaintiffs in an amount that is unknown and cannot at the present time be fully ascertained, including but not limited to the loss of sales and licensing of building plans and drafting services.

70.     Plaintiffs have no adequate remedy at law.

71.     Unless enjoined by this court, Defendants will continue to infringe Plaintiffs'

copyrights causing irreparable injury.

<u>COUNT II</u>

(Copyright Infringement of architectural work DRA217
against T.P. Builders, T. Paonessa and V. Sofia d/b/a V.S. Sofia Engineering)

72.     Plaintiffs repeat the allegations in Paragraphs 1 through 71 as if set forth fully

here.

73.     Upon information and belief, Defendant Sofia Engineering is a sole proprietorship

of V. Sofia and is in the business of providing drafting services including the preparation of

architectural plans for homes.

74.     Upon information and belief, during at least the period of about 1998 through

2001, T. Paonessa and T.P. Builders sold lots at the following locations, filed Building Permit

applications and building plans with the local municipality on or about the date indicated, and

subsequently built homes on the lots for its customers:

       a.  23 Timber Lane, Glenmont, NY; application October 14, 1998

       b.  20 Timber Lane, Glenmont, NY; application October 26, 1998

       c.  24 Timber Lane, Glenmont, NY; application October 26, 1998

       d.  57 Hendersen Road, Glenmont, NY; application December 15, 1998

       e.  71 Patterson Drive, Glenmont, NY; application April 12, 1999

       f.  42 Patterson Drive, Glenmont, NY; application August 19, 1998

       g.  30 Timber Lane, Glenmont, NY; application May 19, 1999

       h.  73 Hendersen Road, Glenmont, NY; application May 19, 1999

       i.  564 Snyders Lake Rd., Wynantskill, NY; application June 30, 1999

j.  45 Patterson Drive, Glenmont, NY; application August 4, 1999

k.  19 Timber Lane, Glenmont, NY; application April 21, 2000

l.  14 Dominico Drive, Glenmont, NY; application April 10, 2001

75.    Upon information and belief, shortly before the application date for each home identified herein above, T. Paonessa and T.P. Builders provided Sofia Engineering with copies of Plaintiffs' DRA217 architectural plans and drawings, and requested Sofia Engineering to reproduce and customize the drawings.

76.    Upon information and belief, in each case, T. Paonessa and T.P. Builders received design change requests from their customers, and conveyed to Sofia Engineering the specific design changes and requested Sofia Engineering to make the necessary drawing changes.

77.    Upon information and belief, Sofia Engineering reproduced and customized Plaintiffs' plans and drawings in accordance with T. Paonessa's and T.P. Builders' instructions, and provided copies of the plans and drawings to T. Paonessa and T.P. Builders on or about the dates listed below:

a.  23 Timber Lane, Glenmont, NY; drawing date October 1998

b.  20 Timber Lane, Glenmont, NY; drawing date October 16, 1998

c.  24 Timber Lane, Glenmont, NY; drawing date October 16, 1998

d.  57 Hendersen Road, Glenmont, NY; drawing date December 8, 1998

e.  71 Patterson Drive, Glenmont, NY; drawing date March 30, 1999

f.  42 Patterson Drive, Glenmont, NY; drawing date August 10, 1998

g.  30 Timber Lane, Glenmont, NY; drawing date May 13, 1999

h.  73 Hendersen Road, Glenmont, NY; drawing date May 13, 1999

i.  564 Snyders Lake Rd., Wynantskill, NY; drawing date June 14, 1999

j.  45 Patterson Drive, Glenmont, NY; drawing date July 31, 1998

k.  19 Timber Lane, Glenmont, NY; drawing date April 2000

l.  14 Dominico Drive, Glenmont, NY; drawing date March 26, 2001

78.    Upon information and belief, V. Sofia personally prepared at least the drawings for 20 Timber Lane, 24 Timber Lane, 71 Patterson Drive, 57 Hendersen Road, 14 Dominico Drive, and 564 Snyders Lake Rd.

79.    The houses identified above and the drawings prepared for those houses are unauthorized copies of, derivative of, and are substantially similar to the DRA217 architectural work, including Elevation #1 and Floor Plan DRA217.

80.    As to each house in issue, the infringing drawings and infringing homes copy the overall form, look and feel of the copyrighted work, the floor plans of the copyrighted work, the elevation views of the copyrighted work, the arrangement and composition of spaces and architectural features of the copyrighted work, the selection, coordination, and arrangement of rooms, windows, doors, closets, stairs and other interior and exterior architectural features of the copyrighted works, and include literal copying of substantial portions of the copyrighted works.

81.    Upon information and belief, Sofia Engineering knew that T. Paonessa and T.P. Builders intended to and did use the infringing drawings to build homes, and needed the drawings in order to build the homes and to obtain necessary building permits.

82.    Upon information and belief, Sofia Engineering prepared the drawings by copying Plaintiffs' copyrighted architectural works.

83.    Upon information and belief, Sofia Engineering received compensation for preparing the infringing drawings.

84.     The foregoing alleged conduct of T. Paonessa, T.P. Builders, and Sofia Engineering was without Plaintiffs' knowledge or authorization.

85.     The foregoing conduct, including but not limited to construction of infringing houses constitutes direct copyright infringement of the architectural works by T. Paonessa and T.P. Builders, and their participation in and inducement of Sofia Engineering's preparation of infringing drawings constitutes direct copyright infringement, contributory copyright infringement, and inducement to infringe by T. Paonessa and T.P. Builders.

86.     The foregoing conduct, including but not limited to Sofia Engineering's preparation of infringing drawings constitutes direct copyright infringement of the architectural works, and its contribution of those drawings to T.P. Builders to construct infringing homes constitutes contributory copyright infringement, and inducement to infringe by Sofia Engineering.

87.     As sole proprietor, Defendant V. Sofia is one and the same legal entity as his sole proprietorship Sofia Engineering and he personally bears all liability for the actions taken under the name of the sole proprietorship giving rise to this action.

88.     Upon information and belief, V. Sofia derives substantial income from Sofia Engineering's business and derived income from and had a direct financial interest in Sofia Engineering's conduct giving rise to this action.

89.     Defendant V. Sofia has dominion and control over all business decisions and conduct of Sofia Engineering, including the decisions and conduct alleged herein to have been undertaken by Sofia Engineering.

90.    Upon information and belief, V. Sofia personally participated in, supervised and had knowledge of each and every action alleged herein to have been undertaken by Sofia Engineering and caused Sofia Engineering to take those actions.

91.    T. Paonessa is vicariously liable for T.P. Builders' copyright infringement, T. Paonessa and T.P. Builders are vicariously liable for Sofia Engineering's copyright infringement, and V. Sofia is vicariously liable for Sofia Engineering's copyright infringement.

92.    As a result of Defendants' acts, Plaintiffs have been damaged and will continue to be damaged, including but not limited to the loss of sales and licensing of building plans and drafting services.

93.    Defendants' infringement has been knowing and willful.

94.    Plaintiffs have no adequate remedy at law.

### COUNT III

(Copyright Infringement of architectural works DRA210, DRA211, DRA216, DRA217 and DRA313 and of technical drawings DRA216 against T.P. Builders, and T. Paonessa)

95.    Plaintiffs repeat the allegations in Paragraphs 1 through 94 hereof as if set forth fully here.

96.    Plaintiffs provided T. Paonessa and T.P. Builders with copies of the DRA216 plans and drawings in or about 1996.

97.    The DRA216 architectural plans and drawings were marked with a copyright notice, and T. Paonessa and T.P. Builders knew that Plaintiffs owned the copyrights to same.

98.    Upon information and belief, during at least at least the period of about 1998 through 2010, and continuing presently, T. Paonessa and T.P. Builders advertised, without Plaintiffs' authorization, the DRA210, DRA211, DRA216, DRA217 and DRA313 designs to

prospective customers by, among other things, reproducing and displaying drawings of the designs on its website, on sales sheets in its office, and on real estate broker websites and multiple listing services websites (collective "T.P. Builders Advertisements").

99.     The drawings displayed in the T.P. Builders Advertisements were each copied by T.P. Builders from, and are each substantially similar to, the corresponding copyrighted DRA210, DRA211, DRA216, DRA217 and DRA313 architectural works and are all unauthorized reproductions and/or derivative works thereof.

100.     Upon information and belief, during at least the period of 2009 through 2011, and continuing presently, T. Paonessa and T.P. Builders displayed drawings and illustrations of architectural works DRA211, DRA216 and DRA217 and technical drawings DRA216 in advertisements on their website http://www.tpbuildersalbany.com and on Coldwell Banker Prime Properties' website http://www.coldwellbankerprime.com and in other media, including sales sheets in T.P. Builders' offices, for purposes of selling building lots and homes to prospective customers.

101.     Upon information and belief, T. Paonessa and T.P. Builders removed or omitted Plaintiffs' copyright notices from the advertised drawings.

102.     The DRA211 design was and is advertised on the websites under the model name "Tallahassee," the DRA216 under the model name "Savannah," and the DRA217 under the model names "Mackenzie" and "Monroe."

103.     The drawings and illustrations displayed in the website advertisements and other advertisements are unauthorized copies of, derivative of, and are substantially similar to the architectural works DRA211, including Elevations #3 and #4 and Floor Plan DRA211c;

DRA216 and technical drawings DRA216; and DRA217, including Elevation #1 and Floor Plan DRA217.

104.    The drawings and illustrations displayed in the website advertisements and other advertisements copy the overall form, look and feel of the copyrighted works, the floor plans of the copyrighted works, the elevation views of the copyrighted works, the arrangement and composition of spaces and architectural features of the copyrighted work, the selection, coordination, and arrangement of rooms, windows, doors, closets, stairs and other interior and exterior architectural features of the copyrighted works, and include literal copying of substantial portions of the copyrighted works.

105.    Upon information and belief, as a result of their advertisements, T. Paonessa and T.P. Builders sold lots and built houses according to the DRA210 design at at least the following locations in Albany, NY in or about the year indicated:

    a.  14 Peachtree Lane, Albany, NY; in or about 2004

    b.  35 Jo Ann Ct., Albany, NY; in or about 2005

    c.  23 Thoroughbred Circle, Bethlehem, NY; in or about 2010.

106.    Upon information and belief, as a result of their advertisements, T. Paonessa and T.P. Builders sold lots and built houses according to the DRA211 design in or about 2004 at at least the following locations in Albany, NY:

    a.  6 Peachtree Lane;

    b.  1 Peachtree Lane; and

    c.  16 Peachtree Lane.

107.     Upon information and belief, as a result of their advertisements, T. Paonessa and

T.P. Builders sold lots and built houses according to the DRA217 design at at least the following

locations in or about the year indicated:

       a.  23 Timber Lane, Glenmont, NY; in or about 1998

       b.  20 Timber Lane, Glenmont, NY; in or about 1998

       c.  24 Timber Lane, Glenmont, NY; in or about 1998

       d.  57 Hendersen Road, Glenmont, NY; in or about 1998

       e.  71 Patterson Drive, Glenmont, NY; in or about 1999

       f.  42 Patterson Drive, Glenmont, NY; in or about 1998

       g.  30 Timber Lane, Glenmont, NY; in or about 1999

       h.  73 Hendersen Road, Glenmont, NY; in or about 1999

       i.  564 Snyders Lake Rd., Wynantskill, NY; in or about 1999

       j.  45 Patterson Drive, Glenmont, NY; in or about 1999

       k.  19 Timber Lane, Glenmont, NY; in or about 2000

       l.  14 Dominico Drive, Glenmont, NY; in or about 2001

       m. 37 Jo Ann Ct., Albany, NY; in or about 2003

       n.  10 Peachtree Lane, Albany, NY; in or about 2003

       o.  24 Arch Ave., Albany, NY; in or about 2006.

108.     Upon information and belief, as a result of their advertisements, T. Paonessa and

T.P. Builders sold a lot and built a house of the DRA313 design in or about 2004 at at least the 5

Peachtree Lane, Albany, NY.

109.   The foregoing alleged conduct constitutes copyright infringement of architectural works DRA210, DRA211, DRA216, DRA217 and DRA313 and technical drawings DRA216 by T. Paonessa and T.P. Builders.

110.   The foregoing alleged conduct, including but not limited to contribution of infringing drawings to third parties and the request of third parties to display the drawings in advertisements on media controlled by third parties constitutes contributory copyright infringement of, and inducement to infringe the architectural works DRA210, DRA211, DRA216, DRA217 and DRA313 and technical drawings DRA216 by T. Paonessa and T.P. Builders.

111.   Defendants' infringement has been knowing and willful.

112.   Defendants' infringement of the architectural works DRA210, DRA211, DRA216, DRA217 and DRA313 and technical drawings DRA216 has damaged and will continue to damage Plaintiffs in an amount that is unknown and cannot at the present time be fully ascertained, including but not limited to the loss of sales and licensing of building plans and drafting services

113.   Plaintiffs have no adequate remedy at law.

<u>COUNT IV</u>

(Copyright Infringement of architectural works DRA212 against Cillis Builders, T. Cillis, and R. Heller d/b/a DeRaven Design & Drafting)

114.   Plaintiffs repeat the allegations in Paragraphs 1 through 71 hereof as if set forth fully here.

115.   Defendants T. Cillis and Cillis Builders are in the business of residential real estate development, including the sale of building lots and new home construction.

116.    Upon information and belief, T. Cillis is the President, Chief Executive Officer and majority shareholder of Cillis Builders.

117.    Upon information and belief, T. Cillis and Cillis Builders advertise and offer for sale a selection of home designs, and build designs selected by their customers.

118.    In virtually every home sale, the customer requires design customizations to suit their particular needs and preferences, municipal building departments require building plans to be submitted with each building permit, and, upon information and belief, T. Cillis and Cillis Builders typically engage the services of professional draftspersons to prepare the necessary plans and plan revisions.

119.    Plaintiffs provided T. Cillis and Cillis Builders with copies of the DRA212 architectural plans and drawings in or about 1998.

120.    The DRA212 architectural plans and drawings were marked with a copyright notice, and T. Cillis and Cillis Builders knew that Plaintiffs owned the copyrights to same.

121.    Plaintiffs authorized T. Cillis and Cillis Builders to advertise the house design to prospective customers on the strict condition, understanding and agreement that Plaintiffs' copyright notice be included on all drawings and advertisements, all plans and drawings must be separately purchased from Draftics for each home sale, that only Draftics could sell, reproduce, and/or revise the plans or drawings, and that Plaintiffs retained all copyrights to the plans and drawings.

122.    On several occasions during the period of about 1998 through 2002, T. Cillis and Cillis Builders built houses according to Plaintiffs' designs and used Plaintiffs' drafting services for such houses.

123.    In or about 2002, T. Cillis and Cillis Builders ceased using Plaintiffs' services, and all of their subsequent advertising, offering for sale, sale and construction of the DRA212 home design was unauthorized.

124.    Upon information and belief, during at least the period of about 2002 through 2010, and continuing presently, T. Cillis and Cillis Builders advertised, without Plaintiffs' authorization, the DRA212 design to prospective customers by, among other things, reproducing and displaying drawings of the designs on its website, on sales sheets in its office, and on real estate broker websites and multiple listing services websites (collective "T. Cillis Advertisements") and removed or omitted Plaintiffs' copyright notices from the advertised design drawings.

125.    The drawings displayed in the Cillis Builders Advertisements were each copied from and are each substantially similar to the copyrighted DRA212 architectural work and are all unauthorized reproductions and/or derivative works thereof.

126.    Upon information and belief, T. Cillis and Cillis Builders sold a lot located at 11 Nicole Ct., Clifton Park, NY in or about 2010, filed a Building Permit application and building plans with the local municipality for construction of a house on the lot on or about April 5, 2010, and subsequently built a house on the lot for its customer.

127.    Upon information and belief, shortly before April 5, 2010, T. Cillis and Cillis Builders provided DeRaven with copies of the DRA212 architectural plans and drawings, and requested DeRaven to reproduce and customize the drawings.

128.    Upon information and belief, T. Cillis and Cillis Builders received design change requests from their customer, and conveyed to DeRaven the specific design changes and requested DeRaven to make the necessary drawing changes.

23

129.    Upon information and belief, DeRaven reproduced and customized Plaintiffs' plans and drawings in accordance with T. Cillis and Cillis Builders's instructions, and provided copies of the plans and drawings to T. Paonessa and T.P. Builders on or about March 28, 2010.

130.    The house at 11 Nicole Ct. and the drawings prepared for the house are unauthorized copies of, derivative of, and are substantially similar to the DRA212 architectural work, including Elevation #2 and Floor Plan 212c.

131.    The infringing drawings and infringing home copy the overall form, look and feel of the DRA212 copyrighted work, the floor plans of the copyrighted work, the elevation views of the copyrighted work, the arrangement and composition of spaces and architectural features of the copyrighted work, and the selection, coordination, and arrangement of rooms, windows, doors, closets, stairs and other interior and exterior architectural features of the copyrighted work, and include literal copying of substantial portions of the copyrighted works.

132.    Upon information and belief, DeRaven knew that T. Cillis and Cillis Builders intended to and did use the infringing drawings to build the home, and needed the drawings in order to build the homes.

133.    Upon information and belief, DeRaven prepared the drawings by copying Plaintiffs' copyrighted architectural work.

134.    Upon information and belief, DeRaven received compensation for preparing the drawings.

135.    The foregoing alleged conduct of T. Cillis, Cillis Builders, and DeRaven was without Plaintiffs' knowledge or authorization.

136.    The foregoing alleged conduct of T. Cillis, Cillis Builders, and DeRaven constitutes copyright infringement of the copyrighted architectural work.

24

137.    The foregoing conduct, including but not limited to construction of infringing houses constitutes direct copyright infringement of the architectural works by T. Cillis and Cillis Builders, and their participation in and inducement of DeRaven's preparation of infringing drawings constitutes direct copyright infringement, contributory copyright infringement, and inducement to infringe by T. Cillis and Cillis Builders.

138.    The foregoing conduct, including but not limited to DeRaven's preparation of infringing drawings constitutes direct copyright infringement of the architectural works, and its contribution of those drawings to Cillis Builders to construct infringing homes constitutes contributory copyright infringement, and inducement to infringe by DeRaven.

139.    Upon information and belief, T. Cillis derives substantial income from Cillis Builders's business and derived income from and had a direct financial interest in Cillis Builders's conduct giving rise to this action.

140.    Defendant T. Cillis has dominion and control over all business decisions and conduct of Cillis Builders, including Cillis Builders's decisions and conduct alleged herein.

141.    Upon information and belief, T. Cillis personally participated in, supervised and had knowledge of each and every action alleged herein to have been undertaken by Cillis Builders and caused Cillis Builders to take those actions.

142.    T. Cillis is vicariously liable for Cillis Builders's copyright infringement, T. Cillis and Cillis Builders are vicariously liable for DeRaven's copyright infringement, R. Heller is vicariously liable for DeRaven's copyright infringement.

143.    Defendants' copyright infringement has been knowing and willful.

144.    Defendants' copyright infringement has damaged and will continue to damage Plaintiffs in an amount that is unknown and cannot at the present time be fully ascertained, including but not limited to the loss of sales and licensing of building plans and drafting services.

145.    Plaintiffs have no adequate remedy at law.

COUNT V

(Copyright Infringement of architectural works DRA211 and DRA217<br>against Cicero, and Cicero Builder)

146.    Plaintiffs repeat the allegations in Paragraphs 1 through 31 hereof as if set forth fully here.

147.    Defendants L. Cicero and Cicero Builder are in the business of residential real estate development, including the sale of building lots and new home construction.

148.    Upon information and belief, L. Cicero is the President, Chief Executive Officer and majority shareholder of Cicero Builder.

149.    Upon information and belief, Cicero Builder advertises and offers for sale a selection of home designs, and build designs selected by their customers.

150.    In virtually every home sale, the customer requires design customizations to suit their particular needs and preferences, municipal building departments require building plans to be submitted with each building permit, and, upon information and belief, Cicero Builder typically engages the services of professional draftspersons to prepare the necessary plans and plan revisions.

151.    Upon information and belief, on or about December 15, 2009 L. Cicero and Cicero Builder filed a Building Permit application and building plans with the local municipality

to build a house at 9 Kaleen Drive, Ballston Spa, NY and subsequently built the house there and sold the lot and house.

152.    Upon information and belief, prior to filing the Building Permit application, L. Cicero and Cicero Builder obtained a copy of plans prepared by DeRaven for a house built at 16 Peachtree Lane, Albany, NY, which plans infringe Plaintiffs' copyrights to the DRA211 design.

153.    Upon information and belief, prior to filing the Building Permit application, L. Cicero and Cicero Builder prepared plans for the house at 9 Kaleen Drive by making an exact reproduction of DeRaven's infringing plans for the 16 Peachtree Lane house.

154.    The 9 Kaleen Drive house and the plans for the 9 Kaleen Drive house are unauthorized copies of, derivative of, and are substantially similar to the DRA211 architectural work, including Elevation #4 and Floor Plan DRA211c.

155.    The infringing drawings and infringing homes copy the overall form, look and feel of the copyrighted works, the floor plans of the copyrighted works, the elevation views of the copyrighted works, the arrangement and composition of spaces and architectural features of the copyrighted works, the selection, coordination, and arrangement of rooms, windows, doors, closets, stairs and other interior and exterior architectural features, and include literal copying of substantial portions of the copyrighted works.

156.    Upon information and belief, during the period of 2009 through 2011, and continuing presently, L. Cicero and Cicero Builder displayed drawings and illustrations of architectural works DRA211 and DRA217 in advertisements on Realty USA's website http://www.realtyusa.com and in other media, including sales sheets in Cicero Builder's offices, for purposes of selling building lots and homes to prospective customers.

157.    Upon information and belief, L. Cicero and Cicero Builder removed or omitted Plaintiffs' copyright notices from the advertised drawings.

158.    The DRA211 design was advertised under the model name "Saratoga" and the DRA217 design under the model name "Broadway."

159.    The drawings and illustrations displayed in the advertisements were each copied by Cicero Builder from, are derivative of, and are substantially similar to the DRA 211 architectural work, including Elevation #4 and Floor Plan DRA211c, and the DRA217 architectural work, including Elevation #1 and Floor Plan DRA217.

160.    Upon information and belief, L. Cicero derives substantial income from Cicero Builder's business and derived income from and had a direct financial interest in Cicero Builder's conduct giving rise to this action.

161.    Defendant L. Cicero has dominion and control over all business decisions and conduct of Cicero Builder, including Cicero Builder's decisions and conduct alleged herein.

162.    Upon information and belief, L. Cicero personally participated in, supervised and had knowledge of each and every action alleged herein to have been undertaken by Cicero Builder and caused Cicero Builder to take those actions.

163.    L. Cicero is vicariously liable for Cicero Builder's copyright infringement.

164.    The foregoing alleged conduct constitutes copyright infringement of architectural works DRA211 and DRA217 by L. Cicero and Cicero Builder.

165.    The foregoing alleged conduct, including but not limited to contribution of infringing drawings to third parties and the request of third parties to display the drawings in advertisements on media controlled by third parties constitutes contributory copyright

infringement of, and inducement to infringe the architectural works DRA211, and DRA217 by L. Cicero and Cicero Builder.

166.    Defendants' infringement has been knowing and willful.

167.    Defendants' infringement of the DRA211 and DRA217 architectural works has damaged and will continue to damage Plaintiffs in an amount that is unknown and cannot at the present time be fully ascertained, including but not limited to the loss of sales and licensing of building plans and drafting services.

168.    Plaintiffs have no adequate remedy at law.

<u>COUNT VI</u>

(Copyright Infringement of architectural work DRA217
against Shelroc Homes, Capital Framing and J.Clark)

169.    Plaintiffs repeat the allegations in Paragraphs 1 through 31 hereof as if set forth fully here.

170.    Defendants Shelroc Homes LLC Shelroc, Capital Framing and J. Clark are in the business of residential real estate development, including the sale of building lots and new home construction.

171.    Upon information and belief, J. Clark is the President, Chief Executive Officer and majority shareholder of both Shelroc and Capital Framing.

172.    Upon information and belief, Capital Framing prepares home plans and plan revisions for Shelroc and builds home frames for Shelroc.

173.    Upon information and belief, J. Clark is the managing member of, and has dominion and control over Clark Realty, LLC, which is a real estate brokerage having the same office location as Shelroc and Capital Framing.

174.   Upon information and belief, J. Clark and Shelroc purchased a building lot at 4186 Albany Street, Albany, NY on or about January 17, 2007 and, as part of the purchase transaction, obtained copies of certain building plans that had been prepared for the seller by David Hopper (hereinafter the "Hopper's Infringing Drawings").

175.   Hopper's Infringing Drawings are unauthorized copies of, derivative of, and substantially similar to Plaintiff's DRA217 architectural work, and constitute infringement of the work.

176.   Upon information and belief, under the direction and control of J. Clark and Shelroc, on or about February 6, 2007 Capital Framing prepared plans for construction of a house on 4186 Albany Street (hereinafter "Capital Framing's Plans") by copying Hopper's Infringing Drawings.

177.   Upon information and belief, under the direction and control of J. Clark, Shelroc and Capital Framing subsequently built a house on 4186 Albany Street according to Capital Framing's Plans.

178.   Upon information and belief, under the direction and control of J. Clark, Shelroc advertised the house and lot for sale in, among other places, multiple listing services or the Clark Realty, LLC's website www.clarkrealtyllc.com or in sales sheets or other literature in Clark Realty LLC's and Shelroc's offices, which advertisements included technical drawings, photographs or illustrations that are unauthorized copies of, derivative of, and substantially similar to DRA217 architectural work, including Elevation #1 and Floor Plan 217.

179.   Upon information and belief, under the direction and control of J. Clark, on or about October 26, 2007 Shelroc sold the house and lot at 4186 Albany Street.

180.   Capital Framing's Plans and the house on 4186 Albany Street are unauthorized copies of, derivative of, and are substantially similar to the DRA217 architectural work, including Elevation #1 and Floor Plan 217.

181.   Capital Framing's Plans and the house on 4186 Albany Street copy the overall form, look and feel of the copyrighted works, the floor plans of the copyrighted works, the elevation views of the copyrighted works, the arrangement and composition of spaces and architectural features of the copyrighted works, the selection, coordination, and arrangement of rooms, windows, doors, closets, stairs and other interior and exterior architectural features, and include literal copying of substantial portions of the copyrighted works.

182.   The foregoing alleged conduct of J. Clark, Shelroc and Capital Framing was without Plaintiffs' knowledge or authorization.

183.   The foregoing alleged conduct of J. Clark, Shelroc and Capital Framing constitutes copyright infringement of the copyrighted DRA217 architectural work.

184.   The foregoing conduct, including but not limited to construction of infringing houses constitutes direct copyright infringement of the architectural works by J. Clark, Shelroc, and Capital Framing, and J. Clark's and Shelroc's participation in and inducement of Capital Framing's preparation of infringing drawings constitutes direct copyright infringement, contributory copyright infringement, and inducement to infringe by J. Clark and Shelroc.

185.   The foregoing conduct, including but not limited to Capital Framing's preparation of infringing drawings constitutes direct copyright infringement of the architectural works, and its contribution of those drawings to J. Clark and Shelroc to construct infringing homes constitutes contributory copyright infringement, and inducement to infringe by Capital Framing.

186.    Upon information and belief, J. Clark derives substantial income from both Shelroc's and Capital Framing's business and derived income from and had a direct financial interest in Shelroc's and Capital Framing's conduct giving rise to this action.

187.    Defendant J. Clark has dominion and control over all business decisions and conduct of Shelroc and Capital Framing, including Shelroc and Capital Framing's decisions and conduct alleged herein.

188.    Upon information and belief, J. Clark personally participated in, supervised and had knowledge of each and every action alleged herein to have been undertaken by Shelroc and Capital Framing and caused Shelroc and Capital Framing to take those actions.

189.    J. Clark is vicariously liable for Shelroc and Capital Framing's copyright infringement, and Shelroc is vicariously liable for Capital Framing's copyright infringement.

190.    Defendants' infringement has been knowing and willful.

191.    Defendants' infringement has damaged Plaintiffs in an amount that is unknown and cannot at the present time be fully ascertained.

192.    Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

A.    Granting an injunction against Defendants, their parent companies, subsidiaries, related companies, and all persons or entities acting in concert or participation with them, or persons or entities acting or purporting to act on their behalf, including, but not limited to their officers, directors, partners, owners, agents, representatives, employees, attorneys, successors, and assigns, and any and all persons or entities acting in concert or privity with them, from infringing Plaintiffs' copyrights as provided in 17 U.S.C. §502;

B.      Finding that Defendants have infringed Plaintiffs Copyrights;

C.      Awarding statutory damages pursuant to 17 U.S.C. §504(c) for each and every infringement of Plaintiffs' copyrights that occurred after the effective date of registration of the infringed copyrights in an amount to be set by the Court, including but not limited to, attorneys' fees and a finding that the infringement by Defendants was committed willfully and awarding it a sum of $150,000 for each willful infringement, as provided under 17 U.S.C. §504(c)(2), or in the alternative, Plaintiffs' actual damages and Defendants profits and sales resulting from the infringement of Plaintiffs' copyrights by Defendants as provided in 17 U.S.C. §504(b), among other relief;

D.      Awarding Plaintiffs' actual damages and Defendants profits and sales resulting from the infringement for each and every infringement of Plaintiffs' copyrights that occurred before the effective date of registration of the infringed copyrights by Defendants as provided in 17 U.S.C. §504(b), among other relief;

E.      Awarding Plaintiffs' costs in this action together as provided in 17 U.S.C. §504(b);

F.      Awarding Plaintiffs' reasonable attorney's fees as provided in 17 U.S.C. §504(b) with respect to infringements of Plaintiffs' copyrights that occurred after the effective date of registration of the infringed copyrights;

G.      Ordering the recall and destruction of all materials within the control of Defendants, its agents or distributors which in any way infringe upon one or more Plaintiffs Copyrights ;

H.      Granting such other and further relief against Defendants in favor of Plaintiffs that seems to this court to be just, equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for issues so triable.

Dated: September 1, 2011          /s/Lee Palmateer_____

                                        Lee Palmateer (BRN 509188)
LEE PALMATEER LAW OFFICE LLC
90 State Street
Suite 700
Albany, New York 12207
Tel: (518) 591-4636
Fax: 1-518-677-1886
Email: lee@palmateerlaw.com
Attorneys for James E. Zalewski and
Draftics, Ltd.

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system,

which serves counsel for other parties who are registered participants as identified on the Notice

of Electronic Filing (NEF), including:

Nancy B. Delain, Esq.
Delain Law Office, PLLC
107 North College Street
Schenectady, New York 12305
nbdelain@ipattorneyfirm.com
Attorneys for Plaintiffs
James E. Zalewski and Draftics, Ltd., a New
York Corporation

Kevin R. Van Duser, Esq.
Samuel M. Vulcano, Esq.
Sugarman Law Firm, LLP
211 West Jefferson Street, 2nd Floor
Syracuse, New York 13202
kvanduser@sugarmanlaw.com
svulcano@sugarmanlaw.com
Attorneys for Defendants:
V.S. Sofia Engineering, Sofia Engineering,
PLLC and Vincenzo S. Sofia

Arlen L. Olsen
Schmeiser, Olsen Law Firm - Latham Office
22 Century Hill Drive
Suite 302
Latham, NY 12110
518-220-1850
518-220-1857 (fax)
aolsen@iplawusa.com
Attorneys for Defendants:
T.P. Builders and Thomas Paonessa

James R. Muldoon, Esq.
Marjama, Muldoon Law Firm
250 South Clinton Street
Suite 300
Syracuse, NY 13202
jmuldoon@cny-iplaw.com
Attorneys for Defendants:
Shelroc Homes, LLC, Capital Framing, Inc.
and Joseph M. Clark

Susan E. Farley, Esq.
Caroline B. Ahn, Esq.
Annette I. Kahler, Esq.
Heslin Rothenberg Farley & Mesiti P.C.
5 Columbia Circle
Albany, New York 12203
sef@hrfmlaw.com
cba@hrfmlaw.com
aik@hrfmlaw.com
Attorneys for Defendants:
Roxanne K. Heller and DeRaven Design &
Drafting

George J. Szary, Esq.
DeGraff, Foy Law Firm – Albany Office
90 State Street
Albany, New York 12207
gszary@degraff-foy.com
Attorneys for Defendants:
Cillis Builders, Inc. and Theodore Cillis, III

And, I hereby certify that I have mailed by the United States Postal Service the document

to the following non-CM/ECF Framing Participants:

Cicero Building Dev., Inc.
952 Sterling Ridge Drive
Rensselaer, New York 12184

Luigi Cicero
952 Sterling Ridge Drive
Rensselaer, New York 12184

Dated: September 1, 2011          /s/Lee Palmateer
                                  Lee Palmateer