**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**JAMES E. ZALEWSKI**
and **DRAFTICS, LTD.**,

                    **Plaintiffs,**         1:10-cv-876
                                                (GLS/RFT)

       v.

**T.P. BUILDERS, INC. et al.**,

                    **Defendants.**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Lee Palmateer Law Office LLC<br>90 State Street, Suite 700<br>Albany, NY 12207 | LEE PALMATEER, ESQ. |
| **FOR THE DEFENDANTS:** | |
| *T.P. Builders and Thomas Paonessa*<br>Schmeiser, Olsen Law Firm<br>22 Century Hill Drive, Suite 302<br>Latham, NY 12110 | ARLEN L. OLSEN, ESQ. |
| *Roxanne K. Heller*<br>*and DeRaven Design & Drafting*<br>Heslin, Rothenberg Law Firm<br>5 Columbia Circle<br>Albany, NY 12203 | ANNETTE I. KAHLER, ESQ.<br>CAROLINE B. AHN, ESQ.<br>SUSAN E. FARLEY, ESQ. |
| *V.S. Sofia Engineering, Sofia*<br>*Engineering, and Vincenzo Sofia*<br>Sugarman, Wallace Law Firm<br>211 West Jefferson Street<br>Syracuse, NY 13202 | KEVIN R. VAN DUSER, ESQ.<br>SAMUEL M. VULCANO, ESQ. |

*Cillis Builders*
*and Theodore Cillis, III*
DeGraff, Foy Law Firm
90 State Street
Albany, NY 12207

GEORGE J. SZARY, ESQ.
NICOLE ROMAN RODGERS,
ESQ.

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction[1]

Plaintiffs James Zalewski and Draftics, Ltd. commenced this action for copyright infringement under the Copyright Act of 1976[2] against defendants T.P. Builders, Inc. and Thomas Paonessa (collectively "T.P."); Roxanne Heller and DeRaven Design & Drafting (collectively "DeRaven"); V.S. Sofia Engineering, Sofia Engineering, PLLC, and Vincenzo Sofia (collectively "Sofia"); and Cillis Builders, Inc. and Theodore Cillis, III, (collectively "Cillis"). (*See* 3d Am. Compl., Dkt. No. 138.) Pending are Cillis, DeRaven and Sofia's motions to dismiss; T.P.'s motion for partial summary judgment; and plaintiffs' cross-motions for partial summary judgment against T.P., Sofia and Cillis. (*See* Dkt. Nos. 146, 149, 151, 156,

---

[1] The Clerk is directed to terminate the stay issued on December 22, 2011.

[2] 17 U.S.C. § 101, *et seq.*

2

158, 159, 160.)  For the reasons that follow, Cillis, DeRaven and Sofia's motions to dismiss are granted; plaintiffs' cross-motions are denied; and T.P.'s motion for partial summary judgment is denied as premature.

## II. Background

The court presumes the parties' familiarity with the underlying facts as discussed in its previous memorandum-decision and order and plaintiffs' Third Amended Complaint.  (*See* Dkt. No. 133; 3d Am. Compl., Dkt. No. 138.)  Relevantly, plaintiffs now allege four causes of action for copyright infringement of architectural works.[3]  (*See* 3d Am. Compl. ¶¶ 32-145.)

## III. Standards of Review

The standards of review under the Federal Rules of Civil Procedure 12(b)(6) and 56 are well established and will not be repeated here.  For a full discussion of the standards, the court refers the parties to its previous opinions in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010) (Rule 12(b)(6)); and *Wagner v. Swarts*, No. 1:09-cv-652,

---

[3] Plaintiffs' causes of action against Cicero Building Dev., Inc., Joseph M. Clark, Shelroc Homes, LLC, Capital Framing, Inc. and Luigi Cicero were voluntarily discontinued. (*See* Dkt. No. 144.)  However, the court notes that plaintiffs have since commenced separate, but related actions, against these defendants.  *See Zalewski et al. v. Shelroc Homes, LLC et al.*, No. 11-cv-1159; *Zalewski et al. v. Cicero Builder Dev., Inc. et al.*, No. 11-cv-1156.

2011 WL 5599571, at *4 (N.D.N.Y. Nov. 17, 2011) (Rule 56).

## IV. Discussion

Defendants Cillis, Sofia[4] and DeRaven each argue the Third Amended Complaint should be dismissed because plaintiffs have not established that there are substantial similarities between the accused properties and plaintiffs' designs.[5]  (*See* Dkt. No. 146, Attach. 14 at 10; Dkt. No. 149, Attach. 1 at 16; Dkt. No. 156, Attach. 17 at 5.)  Though T.P. elected not to pursue a similar argument, it now seeks partial summary judgment on the bases that: (1) the Third Amended Complaint does not provide fair notice of the advertisements from which the copyright notices were allegedly removed; (2) the statute of limitations either bars the suit in its entirety, or at a minimum, limits plaintiffs' damages to those incurred in the three years preceding the complaint; and (3) plaintiffs' requested relief is either inappropriate or unavailable in a copyright case.  (*See* Dkt. No. 151, Attach. 1 at 7-24.)  In response, plaintiffs oppose all of defendants'

---

[4] In their motion, Sofia sought either summary judgment or dismissal of the Third Amended Complaint under Fed. R. Civ. P. 12(b)(6).  (*See* Dkt. No. 156.)  Because Sofia is entitled to relief under Rule 12(b)(6), the merits of their summary judgment motion will not be discussed.

[5] While defendants each assert additional grounds for dismissal, it is unnecessary to discuss those grounds as the similarities, or lack thereof, between the accused properties and plaintiffs' designs is dispositive.  (*See generally* Dkt. Nos. 146, 149, 156.)

4

arguments and cross-move for partial summary judgment on the substantial similarity element of their causes of action. (*See generally* Dkt. Nos. 158, 159, 160.) The court will address each of these arguments in turn.

**A.    Motions to Dismiss**

To establish copyright infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (internal quotation marks citations omitted). Presuming, without deciding, that plaintiffs sufficiently pled that defendants actually copied the architectural drawings, the court focuses on the similarity between defendants' works and the protectible elements of plaintiffs'.

While traditionally reserved for the trier of fact, "[t]he question of substantial similarity is by no means exclusively reserved for resolution by a jury." *Id.* Indeed, the Second Circuit has "repeatedly recognized that, in certain circumstances, it is entirely appropriate for a district court to resolve that question as a matter of law, [where] . . . 'no reasonable jury, properly

5

instructed, could find that the two works are substantially similar.'" *Id.* (quoting *Warner Bros. Inc. v. Am. Broad. Cos., Inc.*, 720 F.2d 231, 240 (2d Cir. 1983)). Thus, in the context of a motion to dismiss, the court reviews "the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Id.* at 64 (internal quotation marks and citation omitted). Because "the works themselves supersede and control contrary descriptions of them," *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986), discovery is unnecessary, where, as here, the court can conduct the requisite visual comparison. *Gaito Architecture*, 602 F.3d at 64.

This comparison, which is known as the "ordinary observer test," asks "whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." *Id.* at 66 (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir. 2001) (internal quotation marks omitted)). Stated another way, if the "average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work," the works are substantially similar. *Gaito Architecture*, 602 F.3d at 66 (internal

6

quotation marks and citation omitted).  In comparing the works in question, the court is mindful that not all elements are protectible, and thus its inquiry concerns only those elements which are entitled to copyright protection. *See Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1994); *see also Attia v. Soc'y of N.Y. Hosp.*, 201 F.3d 50, 56-57 (stating that general ideas and concepts—such as "the alignment of floor heights and . . . the arrangement of space on particular floors"—are generally not entitled to copyright protection since they lack sufficient detail to enable construction).

    Here, the record is replete with evidence which demonstrates that plaintiffs' drawings are not substantially similar to the accused properties. In addition to the affidavits provided by DeRaven and Sofia—which articulate no fewer than twenty distinctions per property between plaintiffs' drawings and the accused properties, (*see* Dkt. No. 149, Attach. 5-14; Dkt. No. 156, Attach. 1 ¶¶ 12-276)—the court visually compared the following illustrations and images[6]:

---

[6] Notwithstanding plaintiffs failure to attach illustrations of the accused properties to the Third Amended Complaint, the court is still able to conduct a visual comparison using defendants' submissions since their accuracy is uncontested, and they are matters of public record.  *See Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

7

(1) with respect to 35 Jo Ann Ct, as alleged in paragraph 46(h) of the Third Amended Complaint, docket numbers 138 and 151, attachments 1 and 41, respectively;

(2) with respect to 23 Thoroughbred Circle, as alleged in paragraph 46(j) of the Third Amended Complaint, docket numbers 138 and 149, attachments 1 and 6, respectively;

(3) with respect to 14 Peachtree Lane, as alleged in paragraph 46(g) of the Third Amended Complaint, docket numbers 138 and 151, attachments 1 and 36, respectively;

(4) with respect to 1 Peachtree Lane, as alleged in paragraph 46(d) of the Third Amended Complaint, docket numbers 138 and 151, attachments 2 and 39, respectively;

(5) with respect to 6 Peachtree Lane, as alleged in paragraph 46(c) of the Third Amended Complaint, docket numbers 138 and 151, attachments 2 and 40, respectively;

(6) with respect to 16 Peachtree Lane, as alleged in paragraph 46(f) of the Third Amended Complaint, docket numbers 138 and 149, attachments 2 and 7, respectively;

(7) with respect to 24 Arch Avenue, as alleged in paragraph 46(i) of the Third Amended Complaint, docket numbers 138 and 149, attachments 6 and 11, respectively;

(8) with respect to 10 Peachtree Lane, as alleged in paragraph 46(b) of the Third Amended Complaint, docket numbers 138 and 151, attachments 6 and 29, respectively;

(9) with respect to 37 Jo Ann Court, as alleged in paragraph 46(a) of the Third Amended Complaint, docket numbers 138 and 151, attachments 6 and 37, respectively;

(10) with respect to 5 Peachtree Lane, as alleged in paragraph 46(e)

>of the Third Amended Complaint, docket numbers 138 and 151, attachments 7 and 38, respectively; and
>
>(11) with respect to 11 Nicole Court, as alleged in paragraph 130 of the Third Amended Complaint, docket numbers 138 and 146, attachments 3 and 4, respectively; and
>
>(12) with respect to the properties listed in paragraph 77(a) to (l) of the Third Amended Complaint, docket numbers 138 and 151, attachments 6 and 2 to 14, respectively.

Notably, the court observed, among other distinctions, the differences in room dimensions between the floor plans; the shapes and placement of windows and doors; and the design of the roofs.[7]  (*Compare* Dkt. No. 138, Attach. 1-6, *with* Dkt. No. 151, Attach. 28-42.)

In sum, the court concludes that no reasonable juror, "properly instructed, could find that" plaintiffs' drawings are substantially similar to the accused properties.  *Gaito Architecture*, 602 F.3d at 63 (internal quotation marks and citation omitted).  Although the properties are conceptually similar, plaintiffs' allegations that the "infringing homes copy . . . the floor plans[,] . . . the elevation views[,] . . . the arrangement and composition of spaces and architectural features[,] . . . the selection,

---

[7] Not all elements of plaintiffs' works are entitled to copyright protection.  However, as neither plaintiffs nor defendants specifically identified what elements, if any, are copyrightable, the court will not—and need not, in deciding the pending motions—determine what elements are actually protected.

coordination, and arrangement of rooms, windows, doors, closets, stairs and other interior and exterior architectural features of the copyrighted works" are untenable in light of the illustrations and images submitted by the parties.[8] (3d Am. Compl. ¶¶ 52, 80.) The images, which "supersede and control contrary descriptions of them," *Time Life Films, Inc.*, 784 F.2d at 52, establish, as a matter of law, that plaintiffs' and defendants' works are not substantially similar.

Because plaintiffs cannot establish one of the requisite elements of a copyright infringement claim, their causes of action against Cillis, Sofia and DeRaven are unsustainable. As such, Cillis, Sofia and DeRaven's motions to dismiss are granted and plaintiffs' cross-motions for partial summary judgment are denied.

## B. Motion for Summary Judgment

T.P.'s motion for partial summary judgment attacks multiple aspects of plaintiffs' claims, including the sufficiency of the Third Amended Complaint, the relevant period for calculating the statute of limitations, and

---

[8] Notably, plaintiffs' responses to the motions to dismiss contain purported overlays of their drawings and the accused properties. (*See, e.g.,* Dkt. 160, Attach. 4-26.) However, as illustrated by DeRaven, the image overlays include un-copyrighted illustrations. (*See* Dkt. No. 165 at 11.) While the court presumes this error was unintentional—as deliberately misleading the court would be a violation of, *inter alia*, the New York Rules of Professional Conduct—it is skeptical of the accuracy of plaintiffs' comparisons and thus is unpersuaded by them.

the availability of damages and/or equitable relief.  (*See generally* Dkt. No. 151, Attach. 1.)  Although for varying reasons, T.P.'s motion is denied in all respects.[9]

Addressing the sufficiency of the Third Amended Complaint first, the court rejects T.P.'s "notice" argument.  (*See id.* at 7-9.)  While the Third Amended Complaint contains some "labels and conclusions," plaintiffs have pled "factual content that allows the court to draw the reasonable inference" that T.P. infringed their copyrights by removing copyright notices from images advertised on at least two websites.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); (*See* 3d Am. Compl. ¶¶ 100-02.)  Because Rule 8 requires only a "short and plain statement of the claim," T.P.'s motion for partial summary judgment with respect to the sufficiency of the Third Amended Complaint is denied.[10]  *See* Fed. R. Civ. P. 8(a)(2).

Furthermore, T.P.'s remaining arguments are premature.  Because both plaintiffs and T.P. expressed, albeit in different contexts, the need for discovery, the court, pursuant to Fed. R. Civ. P. 56(d), deems it

---

[9] T.P.'s request that plaintiffs' post a bond is also denied as there is no evidence that plaintiffs' will not be able to pay the costs discussed in 17 U.S.C. § 505 in the event that T.P. prevails.  (*See* Dkt. No. 151, Attach. 1 at 23.)

[10] Notably, this ruling applies only to T.P.'s "fair notice" argument and by no means forecloses alternative attacks on plaintiffs' claims.

11

appropriate to deny the motion with leave to renew.  (*See* Dkt. No. 158, Attach. 1 at 8, 16; Dkt. No. 163 at 11.)  To the extent either party may wish to reassert the arguments contained in their respective motions, they may, in accordance with this memorandum-decision and order, do so at the appropriate time.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the stay issued on December 22, 2011 is lifted; and it is further

**ORDERED** that Cillis, DeRaven and Sofia's motions to dismiss (Dkt. Nos. 146, 149, 156) are **GRANTED** and all claims against them are **DISMISSED**; and it is further

**ORDERED** that plaintiffs' cross-motions for partial summary judgment (Dkt. Nos. 158, 159, 160) are **DENIED**; and it is further

**ORDERED** that T.P.'s motion for partial summary judgment (Dkt. No. 151) is **DENIED** as premature with leave to renew; and it is further

**ORDERED** that Cillis, DeRaven and Sofia are **TERMINATED** as parties; and it is further

**ORDERED** that the remaining parties contact Magistrate Judge

12

Treece to schedule further proceedings in accordance with this memorandum-decision and order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 22, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court