**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES E. ZALEWSKI et al.,**

        Plaintiffs,                **1:10-cv-876**
                                                    **(GLS/RFT)**

       v.

**T.P. BUILDERS, INC. et al.,**

        Defendants.
_____

**JAMES E. ZALEWSKI et al.,**

        Plaintiffs,                **1:11-cv-1156**
                                                    **(GLS/RFT)**

       v.

**CICERO BUILDER DEV., INC.**
**et al.,**

        **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Lee Palmateer Law Office LLC | LEE PALMATEER, ESQ. |
| 90 State Street, Suite 700 | |
| Albany, NY 12207 | |
| | |
| **FOR THE DEFENDANTS:** | |
| *T.P. Builders and Thomas Paonessa* | |
| Schmeiser, Olsen Law Firm | ARLEN L. OLSEN, ESQ. |
| 22 Century Hill Drive | |
| Suite 302 | |
| Latham, NY 12110 | |

| | |
|---|---|
| *Cicero Building Dev., Inc<br>and Luigi Cicero*<br>Office of Paul C. Rapp<br>P.O. Box 366<br>Monterey, MA 01245 | PAUL C. RAPP, ESQ. |
| *Roxanne K. Heller<br>and DeRaven Design & Drafting*<br>Heslin, Rothenberg Law Firm<br>5 Columbia Circle<br>Albany, NY 12203 | ANNETTE I. KAHLER, ESQ.<br>CAROLINE B. AHN, ESQ.<br>SUSAN E. FARLEY, ESQ. |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction[1]

Plaintiffs James Zalewski and Draftics, Ltd. commenced these actions for copyright infringement under the Copyright Act of 1976, as amended,[2] against multiple defendants, including T.P. Builders, Inc. and Thomas Paonessa (collectively "T.P."); Roxanne K. Heller and DeRaven Design & Drafting (collectively "DeRaven"); and Cicero Building Dev., Inc. and Luigi Cicero (collectively "Cicero").  (*See* 3d Am. Compl., Dkt. No. 138,

---

[1] Unless otherwise noted, docket citations refer to case No. 10-cv-876.  Although plaintiffs have filed a Notice of Appeal, (*see* Dkt. No. 199), the court maintains residual jurisdiction over collateral matters such as attorneys' fees and costs.  *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004).

[2] 17 U.S.C. §§ 101-1332.

2

10-cv-876; Compl., Dkt. No. 1, 11-cv-1156.) In a Memorandum-Decision and Order dated June 19, 2012, the court dismissed plaintiffs' claims, and entered judgment for defendants shortly thereafter. (*See generally* Dkt. Nos. 194, 195.) Pending are T.P., DeRaven and Cicero's motions for attorneys' fees and costs. (*See* Dkt. Nos. 196, 197; Dkt. No. 25, 11-cv-1156.) For the reasons that follow, T.P. and DeRaven's motions are granted in part, and Cicero's motion is denied.

## II. Background

The court presumes the parties' familiarity with the underlying facts and procedural history as discussed in its previous Memorandum-Decision and Order. (*See* Dkt. No. 194 at 3-7.)

## III. Standard of Review

The Copyright Act provides that the court may award reasonable attorneys' fees to the prevailing party at its discretion. *See* 17 U.S.C. § 505. In making this determination, the court considers the following factors: "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)

3

(quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)). While there is not a "precise rule or formula" in determining whether an award of fees is appropriate, *Silberstein v. Fox Entm't Grp., Inc.*, 536 F. Supp. 2d 440, 443 (S.D.N.Y. 2008) (internal quotation marks and citations omitted), courts generally afford greater weight to the objective reasonableness of a claim. *See Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121-22 (2d Cir. 2001). Yet no matter what factors the court considers, it must remain "faithful to the purposes of the Copyright Act." *Id.* at 121 (internal quotation marks and citations omitted). Thus, simply deciding which party prevailed is not determinative, *see Silberstein*, 536 F. Supp. 2d at 443, as "the interests of the Copyright Act" are served by any claim—successful or not—that aides in, *inter alia*, demarcating "the boundaries of copyright law," *Matthew Bender*, 240 F.3d at 122 (internal quotation marks and citations omitted). *But see Matthews v. Freedman*, 157 F.3d 25, 29 (1st Cir. 1998) ("Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable.")

## IV.  Discussion

Among other arguments,[3] T.P. DeRaven and Cicero[4] assert that plaintiffs' claims were objectively unreasonable, and thus, they are entitled to attorneys' fees and costs. (*See* Dkt. No. 196, Attach. 1 at 2-5; Dkt. No. 197, Attach. 1 at 8-12; Dkt. No. 25, Attach. 1 at 1-5, 11-cv-1156.) Relying, in part, on the evolving nature of architectural copyright law, plaintiffs counter that the causes of action contained in the Third Amended Complaint were reasonable; however, in so doing, they implicitly concede that the earlier Complaints were not legally sound. (*See* Dkt. No. 200 at 1-12.) Moreover, plaintiffs contend that even if attorneys' fees are appropriate, the fees requested are excessive. (*See id.* at 12-19.) The court will address each of these arguments in turn.

---

[3] A significant portion of the parties' submissions are improvidently devoted to matters, such as plaintiffs' motivations for commencing these cases, that are wholly immaterial. With respect to those matters, it suffices to say that the court is unpersuaded. By the same token, defendants' argument on the frivolity of plaintiffs' claims is equally unavailing, and belied by the record. Though the case was ultimately decided in defendants' favor, it was done so after a lengthy legal analysis in a relatively unsettled area of law. Accordingly, frivolousness, at least as to the defendants who sought fees, is an improper basis to award fees in this case. Finally, since the court is neither easily misled nor interested in refereeing collateral disputes between the parties, plaintiffs' requests to exclude certain motion papers and to file a surreply are denied. (*See* Dkt. Nos. 208, 209, 212.)

[4] Cicero did not file its motion until August 21, 2012, over one month after judgment was entered in its favor. (*See* Dkt. Nos. 23, 25, 11-cv-1156.) However, "[u]nless a statute or court order provides otherwise," a motion for attorneys' fees "must be filed no later than [fourteen] days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). While this is not an inflexible rule, *see,e.g.*, *Tancredi*, 378 F.3d at 226-27, Cicero not only failed to seek an extension of time to file its motion, but also made no mention of timeliness, or the lack thereof, in any of its submissions, (*see generally* Dkt. No. 25, 11-cv-1156). As such, Cicero's motion is denied as untimely, and further discussion of Cicero's motion is unnecessary.

5

**A.     Appropriateness of Attorneys' Fees**

While some are clearer than others, defendants' arguments are essentially the same; each cites the protracted nature of this litigation and their ultimate success on the merits to support their contentions that plaintiffs' claims were objectively unreasonable. (*See* Dkt. No. 196, Attach. 1 at 2-5; Dkt. No. 197, Attach. 1 at 8-12; Dkt. No. 25, Attach. 1 at 1-5, 11-cv-1156.) However, their reliance on at least the latter factor is misplaced, as success alone is not dispositive. *See Silberstein*, 536 F. Supp. 2d at 443. Rather, in this Circuit, a finding of objective unreasonableness is generally reserved for those claims "that are clearly without merit or otherwise patently devoid of legal or factual basis." *Id.* (internal quotation marks and citations omitted). Applying this standard to plaintiffs' Third Amended Complaint, the court disagrees with defendants.

This is so for several reasons, including the fact that neither the Second Circuit nor this court has established any clear precedent that squarely fits the facts here. (*See* Dkt. No. 194 at 12-29.) Although the court identified ample support for its conclusion that the works in question were not substantially similar, it was only able to do so after conducting a side-by-side comparison of the works, with a focus on the elements thereof

6

that constituted protected expression.  (*See id.* at 29-38.)  Indeed, it is quite possible that this litigation, which is currently before the Circuit for review, will clarify the threshold between those architectural works that are sufficiently specific to warrant protection, and those that are not, as well as the appropriate test for substantial similarity where the work is only protectable as a compilation.  Given these considerations, the court is unpersuaded that plaintiffs' causes of action in their Third Amended Complaint lacked a legal or factual basis.

But the same cannot be said for plaintiffs' earlier Complaints, which were strewn with legal conclusions and lacked sufficient factual bases to survive defendants' motions to dismiss.  (*See generally* Dkt. No. 133.)  In fact, plaintiffs did not even include copies of their works or proof of copyright registration with either the Amended or Second Amended Complaints.  (*See* Am. Compl., Dkt. No. 11; 2d Am. Compl., Dkt. No. 60.)  And while there are in excess of eighty drawings attached to the original Complaint, the description of the alleged infringement is nearly unintelligible.  (*See* Compl., Dkt. No. 1.)  Finally, plaintiffs' decision to name numerous defendants who they now admit "bore no culpability," (Dkt. No. 200 at 2), unnecessarily complicated the litigation.  Among other reasons,

7

these infirmities lead the court to conclude that plaintiffs' first three Complaints were "patently devoid of [a] legal . . . basis." *Silberstein*, 536 F. Supp. 2d at 443.

In sum, having reviewed the record as a whole, and considering both equity in awarding attorneys' fees and the purposes served by doing so, the court concludes that plaintiffs' first three Complaints were objectively unreasonable. On the contrary, plaintiffs' Third Amended Complaint was not so, as it advanced claims that will contribute to the demarcation of "the boundaries of copyright law." *Matthew Bender*, 240 F.3d at 122 (internal quotation marks and citations omitted). It follows that T.P. and DeRaven's motions for attorneys' fees are granted to the extent that they seek attorneys' fees for successfully defending against the first three Complaints.

**B.     Excessiveness of the Fees Requested**

T.P. seeks $285,642.60 in attorneys' fees for 931.9 hours of work, with rates varying from $225 to $400 per hour, and $6,524.60 in costs. (*See* Dkt. No. 196, Attach. 1 at 9-10.) And DeRaven, for its 339.8 hours of work, requests $43,045 in attorneys' fees, but includes no mention of costs. (*See* Dkt. No. 197, Attach. 1 at 12-13.) Conversely, plaintiffs contend that

8

both the number of hours and hourly rates are excessive. (*See* Dkt. No. 200 at 12-19.) The court agrees with plaintiffs.

"Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011). The so-called "lodestar" is not always conclusive, but must, "absent extraordinary circumstances," be the starting point for a fee calculation. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166-69 (2d Cir. 2011). In calculating the lodestar, the overwhelming majority of case-specific circumstances, such as the novelty and complexity of the case, do not warrant an adjustment; however, these factors are still relevant in determining the reasonable hourly rate and "the reasonable number of hours the case requires." *See id.* at 167. Ultimately, while a detailed tabulation is unnecessary, the court should, at a minimum, "provide the number of hours and hourly rate it used to produce the lodestar figure." *Id.* at 166-67 (citing *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1674 (2010)).

In the instant case, attorneys' fees are only appropriate for the hours

spent defending against the first three Complaints.  Consequently, the hours T.P. and DeRaven spent on other parts of this litigation, including the time they devoted to asserting and defending against cross-claims, and all of the time spent on this matter after the Third Amended Complaint was filed must be excluded from the total number of hours each provided.[5] (*See* Dkt. No. 196, Attach. 4; Dkt. No. 197, Attach. 3.)  To this end, T.P.'s total number of compensable hours is reduced to 439.9—which reflects 21.4 hours for attorney Arlen Olsen and 418.5 hours for attorney Autondria Minor—and DeRaven's total number of compensable hours is reduced to 133.3.  (*See id.*)

Turning to the reasonable hourly rate in this District, T.P.'s rates, unlike the effective rate of $126 per hour DeRaven seeks, are excessive. (*See* Dkt. No. 196, Attach. 1 at 9-10; Dkt. No. 197, Attach. 1 at 12-13.)   As

---

[5] To accomplish the reduction, the court removed all of the hours billed after September 1, 2011, the date the Third Amended Complaint was filed, and those hours from earlier dates that were clearly associated with tangential matters, such as cross-claims and conferences with insurance carriers. (*See* Dkt. No. 196, Attach. 4; Dkt. No. 197, Attach. 3.) Because plaintiffs offered only general observations on the number of hours billed, as opposed to a line-by-line analysis, (*see* Dkt. No. 200 at 15-19), the court was forced to scrutinize the records on its own.  Its final tabulation is thus entirely equitable, as the reduction here balances the compensation due under 17 U.S.C. § 505, with the factors the court must take into account in reaching the lodestar figure.  Moreover, notwithstanding T.P.'s request for costs, neither the records provided, nor T.P.'s explanation of them, are sufficiently specific to permit the court to identify the costs associated with the compensable portions of this litigation. (*See* Dkt. No. 196, Attach. 1 at 9-10; Dkt. No. 207 at 11; Dkt. No. 207, Attachs. 1-2.)  It follows that T.P.'s award will not include the $6,524.60 in costs its seeks.

Judge Miner stated in *Bergerson*, "The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." 652 F.3d at 289-90 (internal quotation marks and citations omitted). Applying this reasoning, the court recently noted that the "prevailing hourly rates" in this District were "$210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." *Broad. Music, Inc., v. DFK Entm't, LLC*, No. 1:10-cv-1393, 2012 WL 893470, at *7 (N.D.N.Y. Mar. 15, 2012) (internal quotation marks and citation omitted). However, it also alluded to the fact that the rates are "slightly higher now." *Id.* Based on a review of other decisions on attorneys' fees in this District, the court concludes that, in this case, the following are reasonable rates:[6] $275 per hour for partners; $200 per hour for an attorney with more than four years experience; $170 per hour for an attorney with less than four years experience; and $90 per hour for paralegals. After reviewing the record in

---

[6] The court's decision with respect to the reasonable hourly rates is case specific, and has no binding precedential value on future fee applications. Determining a reasonable hourly rate is properly left to the sound discretion of the trial judge in an individual case, and/or should be established by the Board of Judges as a matter of District policy.

11

this case, and considering all of case-specific circumstances, the court finds no reason to depart from these rates.

Here, both of T.P.'s attorneys are partners at Schmeiser, Olsen & Watts, LLP.  (*See* Dkt. No. 196, Attach. 1 at 8-9.)  Multiplying the reasonable number of hours that T.P spent on this litigation, 439.9, by the reasonable hourly rate of $275 per hour, the appropriate award is $120,972.50 in attorneys' fees.  Using the same methodology in calculating DeRaven's award, the appropriate sum is $16,795.80, which is the product of 133.3 hours times DeRaven's effective rate of $126 per hour.  It follows that T.P. and DeRaven's motions are granted, however the awards requested are reduced to $120,972.50 in attorneys' fees for T.P., and $16,795.80 for DeRaven.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Cicero's motion (Dkt. No. 25, 11-cv-1156) is **DENIED** as untimely; and it is further

**ORDERED** that T.P. and DeRaven's motions (Dkt. Nos. 196, 197) are **GRANTED**, however the awards requested are reduced to $120,972.50 in attorneys' fees for T.P., and $16,795.80 in attorneys' fees

for DeRaven; and it is further

**ORDERED** that plaintiffs' letter requests (Dkt. Nos. 208, 209) are **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 21, 2012
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court