**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES E. ZALEWSKI et al.,**

                              **Plaintiffs,**              **1:10-cv-876**
                                                          **(GLS/RFT)**

               **v.**

**T.P. BUILDERS, INC. et al.,**

                              **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Lee Palmateer Law Office LLC              LEE PALMATEER, ESQ.
90 State Street, Suite 700
Albany, NY 12207

**FOR THE DEFENDANTS:**
_T.P. Builders and Thomas Paonessa_
Schmeiser, Olsen Law Firm                 ARLEN L. OLSEN, ESQ.
22 Century Hill Drive
Suite 302
Latham, NY 12110

_Roxanne K. Heller_
_and DeRaven Design & Drafting_
Heslin, Rothenberg Law Firm               ANNETTE I. KAHLER, ESQ.
5 Columbia Circle                         CAROLINE B. AHN, ESQ.
Albany, NY 12203                          SUSAN E. FARLEY, ESQ.

**Gary L. Sharpe**
**Chief Judge**


**MEMORANDUM-DECISION AND ORDER**

## I. <u>Introduction</u>

Plaintiffs James E. Zalewski and Draftics, Ltd. commenced this action for copyright infringement under the Copyright Act of 1976, as amended,[1] against multiple defendants, including T.P. Builders, Inc. and Thomas Paonessa (collectively "T.P."), and Roxanne K. Heller and DeRaven Design & Drafting (collectively "DeRaven"). (*See* 3d Am. Compl., Dkt. No. 138.) Following the dismissal of plaintiffs' claims, (*see* Dkt. No. 194), the court granted T.P. and DeRaven's motions for attorneys' fees and costs, and entered judgment against plaintiffs in the aggregate amount of $137,768.30. (*See* Dkt. Nos. 214, 215.) Pending is plaintiffs' motion for a stay of execution and enforcement of that judgment, and T.P. and DeRaven's motions for cost bonds. (*See* Dkt. Nos. 217, 218, 224.) For the reasons that follow, plaintiffs' motion is granted in part and denied in part, and T.P. and DeRaven's motions are granted to the extent that they seek bonds to cover costs on appeal.

## II. <u>Background</u>

The court presumes the parties' familiarity with the underlying facts

---

[1] 17 U.S.C. §§ 101-1332.

and procedural history as discussed in its previous Memorandum-Decision and Order.  (*See* Dkt. No. 194 at 3-7.)

### III.  Legal Standards

An appellant may obtain an automatic stay by posting  a supersedeas bond.  *See* Fed. R. Civ. P. 62(d).   "Although the rule provides that the stay takes effect upon the district court's approval of the bond, the party posting the bond is entitled to a stay as of right; the court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009). Generally, the supersedeas bond is for the full amount of the judgment. *Am. Underground Eng'g, Inc. v. City of Syracuse*, No. 5:00-CV-278, 2012 WL 3202853, at *1 (N.D.N.Y. Aug. 2, 2012).  But "a reduced bond, or no bond at all," may be appropriate where the prevailing party's "ability to collect on the judgment is reasonably secure."  *Id.*

Besides a supersedeas bond, which is retrospective, *see Adsani v. Miller*, 139 F.3d 67, 70 n.2 (2d Cir. 1998), the court may also require an appellant in a civil case "to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal," Fed. R. App. P. 7.  In determining whether such a bond is warranted, courts

3

typically consider the following: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." *Baker v. Urban Outfitters, Inc.*, No. 01 CV 5440 LAP, 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006).  A showing of "bad faith" or "vexatious conduct," however, is not a prerequisite for a bond under Federal Rule of Appellate Procedure 7. *Stillman v. Inservice Am., Inc.*, 838 F. Supp. 2d 138, 140 (S.D.N.Y. 2011).

## IV.  Discussion

Though styled as a motion for a stay, plaintiffs actually seek a waiver of the supersedeas bond.  (*See* Dkt. No. 217, Attach. 1 at 5-9.)  DeRaven and T.P. not only oppose the waiver, but each also seek an order under Federal Rule of Appellate Procedure 7, requiring plaintiffs to post a bond to cover costs on appeal.  (*See* Dkt. Nos. 218, 222, 223, 224.)  Because the bonds are distinct, the court will address them separately.

With respect to a waiver of a supersedeas bond, plaintiffs argue "that the unique circumstances of this case warrant a stay."  (Dkt. No. 217, Attach. 1 at 5.)  They further aver that both the enforcement of judgment and/or the posting of a bond, which apparently requires one hundred

percent collateralization, "would cause severe, irreparable hardship" because it would require Zalewski to liquidate his personal assets. (*Id.* at 8.) In short, the court is unpersuaded that a waiver or reduction is warranted. The mere fact that Zaleweski will need to leverage personal assets in order to obtain a bond is not a sufficiently unique circumstance, especially since he was a plaintiff in this case.[2] *But see Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 186, 194 (S.D.N.Y. 2007) (stating that a showing of insolvency or imminent bankruptcy "*may* suffice to establish irreparable harm"). Plaintiffs are nevertheless entitled to a stay, but only if they post a supersedeas bond in the amount of $137,768.30, the full amount of the judgment, plus the additional amounts provided for in Local Rule 67.1(d) of the Northern District of New York—*i.e.*, eleven percent "to cover interest and any damage for delay as may be awarded, [and] $250 to cover costs." N.D.N.Y. L.R. 67.1(d).

Moreover, plaintiffs' representations regarding their financial inabilities are also instructive in considering the appropriateness of a bond under Federal Rule of Appellate Procedure 7. Here, the three salient

_____

[2] Nothing in plaintiffs' December 20, 2012 submissions demonstrates that they will be irreparably harmed by having to post a bond.

5

factors weigh in favor of ordering a bond.  *See Baker*, 2006 WL 3635392, at *1.  First, plaintiffs have offered no proof that they are unable to post a bond.  *See Stillman*, 838 F. Supp. 2d at 140.  Second, plaintiffs' representations on their net annual incomes and the hardship that a supersedeas bond would cause raise doubts about their ability to pay the appellees' costs if their appeal is unsuccessful.  (*See* Dkt. No. 217, Attach. 5 ¶ 2); *Baker*, 2006 WL 3635392, at *1.  And third, the court is unpersuaded that there has been any intervening change in law, including the decisions of the Second and Fourth Circuits that plaintiffs cite, which improves their chances on appeal.  (*See* Dkt. No. 217, Attach. 1 at 7-8; Dkt. No. 218 at 6-7.)  Setting aside the issue of bad faith, these factors all weigh in favor of ordering plaintiffs to post an appellate bond.

Although a bond is appropriate here, T.P. and DeRaven's requests are excessive insofar as they seek bonds to cover additional attorneys' fees on appeal.  (*See* Dkt. No. 218 at 1; Dkt. No. 224 at 5-12.)  Put simply, the court is unconvinced that there is sufficient justification for T.P. and DeRaven's requests for $30,000 bonds to cover attorneys' fees.[3]  (*See id.*)

---

[3]  Notably absent from the submissions is an explanation of the standard for awarding attorneys' fees on appeal under the Copyright Act, and any supporting documentation that articulates the hourly rate or the number of hours T.P. or DeRaven's counsel anticipates expending to defend against plaintiffs' appeal.  (*See generally* Dkt. Nos. 218, 224.)

Conversely, $5,000 is a reasonable estimation of the costs on appeal. (*See* Dkt. No. 218 at 8; Dkt. No. 224 at 5-12); *see, e.g.*, *RBFC One, LLC v. Zeeks, Inc.*, No. 02 Civ. 3231, 2005 WL 2140994, at *2-3 (S.D.N.Y. Sept. 2, 2005). It follows that T.P. and DeRaven's motions are granted to the extent that they seek $5,000 bonds under Federal Rule of Appellate Procedure 7 to cover each of their costs on appeal.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' motion (Dkt. No. 217) is **GRANTED** in part and **DENIED** in part as follows:

1. **GRANTED** to the extent that they seek a stay of execution of the money judgment entered against them, but only if they post a supersedeas bond, in accordance with the Federal and Local Rules of practice, in the amount of $137,768.30, plus eleven percent to cover interest and any damage for delay as may be awarded, plus $250 to cover costs; and

2. **DENIED** to the extent that they seek a waiver or reduction of the supersedeas bond under Federal Rule of Civil Procedure 62(d); and it is further

7

     **ORDERED** that DeRaven's motion (Dkt. No. 218) is **GRANTED** to the extent that it seeks a $5,000 bond to cover costs on appeal; and it is further

     **ORDERED** that plaintiffs shall post a $5,000 bond under Federal Rule of Appellate Procedure 7 to cover DeRaven's costs on appeal; and it is further

     **ORDERED** that T.P.'s motion (Dkt. No. 224) is **GRANTED** to the extent that it seeks a $5,000 bond to cover costs on appeal; and it is further

     **ORDERED** that plaintiffs shall post a $5,000 bond under Federal Rule of Appellate Procedure 7 to cover T.P.'s costs on appeal; and it is further

     **ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 21, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

8